## G. W. WARREN, SR., v. J. E. FOUST ET AL.

### Decided May 7, 1904.

**1.—Judgment—Void or Voidable—Citation to Defendant.**

A judgment is not void for want of service of citation on the defendant where it does not affirmatively appear from the face of the judgment nor from the citation or other part of the record that the citation was not served. In such case suit by the defendant is necessary in order to have the judgment set aside for want of such service.

**2.—Same—Setting Aside—Limitations.**

Where the defendant had actual notice that a judgment had been rendered against him and took no steps to have it set aside until more than four years thereafter, his right to relief was barred by limitation.

**3.—Same—Judgment Against Sureties on Injunction Bond.**

Where in an action by injunction to restrain an execution the judgment is for the defendant, he is not entitled by virtue of a cross-action to have judgment for his debt, interest and costs against the sureties on plaintiff's injunction bond without alleging damage or injury resulting from the grant of the injunction.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*Stevenson & Ritchie,* for appellant.

*Lattimore & Browning* and *C. W. Massie,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was instituted in the District Court of Palo Pinto County on the 12th day of December, 1900, by the appellant, G. W. Warren, Sr., against appellee Foust and the justice of the peace of precinct No. 3, Tarrant County, and the constable of precinct No. 5, Palo Pinto County, to restrain them from further proceeding in the collection and execution of a certain judgment rendered in said Justice Court of Precinct No. 3, on the 19th day of December, 1890, in favor of appellee Foust and against appellant G. W. Warren, Sr., and G. W. Warren, Jr. It was alleged by appellant that the judgment as to him was a nullity, for the reason that he had never been served with citation in the cause in which the judgment had been rendered. This is the second appeal. See Foust v. Warren, 72 S. W. Rep., 405, where we reversed a judgment in appellant's favor for the reasons stated.

Thereafter appellant filed an amended petition wherein he again set up the nullity of said judgment because of a want of citation, and also alleged that he had a good and valid defense to the note upon which the judgment had been rendered, in that he was a surety merely upon said note, and had been deprived of his right to set up that fact. On the last trial duly certified copies of the judgment and of the original citation in the case of J. E. Foust v. G. W. Warren, Sr., and G. W. Warren, Jr., in the Justice Court of Precinct No. 3, Tarrant County, was offered in evidence, and the court, after having heard all the proof, instructed the jury to the effect that said judgment and citation showed

service upon G. W. Warren, Sr., and that by the undisputed proof he
was barred by limitation of his right to set the same aside.

In the first assignment it is urged that the court committed error in
charging the jury that the "record in the case of J. E. Foust against
G. W. Warren, Sr., and G. W. Warren, Jr., in the Justice Court of Tar-
rant County, shows service of citation on plaintiff in this cause, to wit,
G. W. Warren, Sr." The evidence was conflicting as to whether G. W.
Warren, Sr., was in fact served with citation in the cause mentioned,
plaintiff testifying positively that he had not been served, and G. W.
Coke, constable of the precinct named at the time, testified with equal
clearness that appellant had been served; and it is insisted that the
court should not have taken the issue from the jury by a peremptory
instruction to the effect that the record in fact showed service. If the
court was in error as to this, we deem it entirely immaterial, because
it is undoubtedly true that the judgment was not void; that is, it did
not affirmatively appear from the face of the judgment, nor from the
citation or other part of the record in the Justice Court, that appellant
had not been served, and that said Justice Court was without jurisdic-
tion over his person. This being true, all presumptions were in favor
of the judgment and of the court's jurisdiction, and suit by appellant
was necessary in order to have the judgment set aside on the ground
alleged, and the proof, as the court further charged the jury in the same
connection, is absolutely undisputed that more than four years prior to
the institution of this suit appellant not only had notice of the suit in
the Justice Court of Tarrant County, but also had actual notice of the
fact that the judgment was rendered against him. It appears from
appellant's own statement that soon after the rendition of the judgment
he had been notified of the institution of the suit, and that not later
than some time in 1895 he had particular notice of the fact of the ren-
dition of the judgment and of the issuance of process thereunder, he
then asserting the very defense now urged, to wit, that he had not been
served with citation in said cause. More than four years having elapsed
after such knowledge before the institution of this suit, appellant's ac-
tion was barred, and the court properly charged the jury to find in ap-
pellee's favor. Foust v. Warren, supra; Stewart v. Robbins, 27 Texas
Civ. App., 188, 65 S. W. Rep., 899.

The judgment is accordingly affirmed.

## ON MOTION FOR REHEARING.

Upon re-examination of the record on motion for rehearing, we find
that there was error in the judgment of the trial court, in so far as he
entered judgment against appellant G. W. Warren, Sr., and the sureties
on his injunction bond, for the amount of appellee Foust's debt and
costs and 10 per cent thereon as damages. Appellee in his answer
prayed for the imposition of the 10 per cent damages, but alleged no
such state of facts as authorized the rendition of the judgment for the
debt, interest and costs on the injunction bond. Nor will the proof

support the judgment in the particulars stated. See Robertson v. Snyder, 1 Texas Civ. App., 408; Texas & N. O. Ry. Co. v. White, 57 Texas, 129. Inasmuch, therefore, as neither the pleading nor proof supports the judgment in the respect named, within the rule established by the authorities cited, the judgment upon appellee Foust's cross-action on the injunction bond will be reversed. The judgment in all other respects, however, will be affirmed, we still being of the conclusion announced in the opinion on original submission, that the court properly directed the jury to find for appellees.

Judgment reversed and cause remanded for new trial upon appellee's cross-action only.

*Affirmed in part and reversed and remanded in part.*