JESSE FRENCH PIANO AND ORGAN COMPANY v. T. J. CLAY ET AL.

Decided November 23, 1905.

**1.—County Court—Injunction.**

Since the amendment of 1891 to section 16, article 5 of the Constitution, the power of the County Courts to issue writs of injunction is not limited to the enforcement of their jurisdiction, but is a general power which might be exercised in all cases where the amount in controversy gives the court jurisdiction.

**2.—Same—Execution from Justice Court—Amount in Controversy.**

Plaintiff sued in the County Court to restrain the sale of a piano, worth $350, under execution from the Justice Court upon a judgment for $15, alleged to have been fraudulently procured, to cancel said judgment and, in addition, to recover $400 damages for the wrongful and malicious acts of defendants in procuring the judgment and execution and making the levy. Held, the County Court had jurisdiction of the suit.

Appeal from the County Court of Smith County. Tried below before Hon. S. A. Lindsey.

*E. P. Price,* for appellant.—The court erred in dismissing this cause for the want of jurisdiction. Sayles' Civ. Stats., arts. 1154 and 1155; Smith v. Horton, 92 Texas, 22.

*W. F. Boyette,* for appellees.—The County Court did not err in dismissing this case for the want of jurisdiction. Rev. Stats., art. 1668; Texas Const., art. 5, sec. 19; Odum v. McMahon, 3 S. W. Rep., 286; Carlisle v. Coffee, 59 Texas, 391.

An injunction will not be granted where there is, or was, an adequate remedy at law. Texas Mex. Ry. Co. v. Wright, 88 Texas, 346, 31 S. W. Rep., 613; Houston, E. & W. T. Ry. Co. v. Ellisor, 37 S. W. Rep., 972; Texas Mex. Ry. v. Wright, 29 S. W. Rep., 1134; Jordon v. Corley, 42 Texas, 284; Crawford v. Winfield, 25 Texas, 414; Nevine v. McKee, 61 Texas, 412; Contreras v. Haynes, 61 Texas, 104; Morris v. Edwards, 62 Texas, 205; Ratto v. Levy, 63 Texas, 278; Clegg v. Darragh, 63 Texas, 357; Harn v. Phelp, 65 Texas, 592, 84 S. W. Rep., 836; Johnson v. Templeton, 60 Texas, 238; Brownson v. Reynolds, 77 Texas, 254; Ratto v. Levy, 63 Texas, 278; Clegg v. Darragh, 63 Texas, 357; Anderson v. Oldham, 82 Texas, 228; Freeman on Judgments, 503.

Damages cannot be alleged against D. Y. Gaines, Jeff Ivey and W. F. Boyette, and tacked onto the amount of the judgment sought to be enjoined against the sole owner, T. J. Clay, in order to make a sum large enough to come within the jurisdiction of the County Court. Such would be a misjoinder of causes of action so far as all the parties are concerned except the owner of the judgment, T. J. Clay.

REESE, ASSOCIATE JUSTICE.—The Jesse French Piano and Organ Company brought this suit in the County Court of Smith County against T. J. Clay, W. F. Boyette, D. Y. Gaines, justice of the peace, and T. J. Ivy, constable. The suit was to restrain the sale of a piano worth $350 under execution from the Justice's Court upon a judgment for $15, alleged to have been frly procured, to cancel the

judgment, and, in addition, to recover $400 damages for the wrongful and malicious acts of defendants in procuring the judgment and execution and making the levy.

The County Court dismissed the suit for want of jurisdiction, and plaintiff appeals. The only error assigned is the dismissal of the suit for want of jurisdiction.

Section 16, article 5 of the Constitution, defining the jurisdiction of the County Court, is as follows: "They shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest, and concurrent jurisdiction with the District Court when the matters in controversy shall exceed $500 and not exceed $1,000, exclusive of interest. . . . And the County Court, or judge thereof, shall have power to issue writ of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court."

It has been held that, since the adoption of the amendment of 1891 to this article as it originally stood, the power of the County Court to issue writs of injunction was not limited to cases in which the writ might be necessary to the enforcement of the jurisdiction of the court, but was a general power which might be exercised in all cases where the amount in controversy gave the court jurisdiction. (Dean v. The State. On motion for rehearing, 88 Texas, 296; Johnson v. Hanscom, 90 Texas, 324; Lazarus v. Swafford, 15 Texas Civ. App., 368.)

If the amount in controversy in the suit of appellant against appellees is within the jurisdiction of the County Court—that is, if it exceeds in value $200 and does not exceed in value $1,000—the County Court had jurisdiction to issue the writ of injunction and to hear and determine the cause.

The plaintiff sought to restrain the sale of a piano of the value of $350 under execution issued upon a judgment of a Justice's Court for $15. Is the value of the piano or the amount of the judgment the amount in controversy? In view of the decision of this court in Lawson v. Lynch (9 Texas Civ. App., 582), and other cases holding, in substance, that in a suit for debt, and to foreclose a noncontract lien, such as an attachment, or the statutory landlord's lien on personal property, the amount of the debt, and not the value of the property, determined the jurisdiction, we might hesitate to declare that the value of the piano in this case gave the County Court jurisdiction. In the former cases it might be reasonably held that, at the time of the institution of the suit, there was no question of the value of the property. In either case the plaintiff only desires to reach and subject such amount in value of property as will satisfy his debt, and the value of the crop, etc., upon which the landlord's lien existed, or the value of the property attached, could not increase or diminish the amount in controversy. We think, however, the present case is distinguishable from those. The plaintiffs in the writ do not seek to have so much of the piano sold as will be sufficient to satisfy the judgment, but to sell the entire and indivisible thing of the value of $350. It is, we think, no answer to plaintiff's complaint to say that he can prevent this by paying the judgment, and, therefore, the amount of the judgment is the only amount in controversy. It is true that plaintiff

seeks to cancel the judgment, but, as the matters are pleaded, this is sought only as a means of arriving at the end desired to be reached, to prevent the sale of the piano. There is no prayer for injunction to restrain the execution of the judgment further. If nothing else were sought except the annulment and cancellation of a fraudulently procured judgment, the conclusion would be unavoidable that the amount of the judgment would determine the jurisdiction, but we think the present case rests upon a different ground. Plaintiff seeks to prevent the wrongful taking of his piano, worth $350, under color of legal process, which he claims can not be rightfully used for that purpose. That the process itself rests upon a judgment for only $15, which, according to the allegations of the petition, can not justify the process on account of the fraud in its procurement, can not affect the value of plaintiff's property rights involved in the case. The value of the property being within the jurisdiction of the County Court, it does not matter that, in order to give the plaintiff the relief prayed for by restraining the sale of the property, it is necessary first to adjudicate that the judgment was procured in such a way as to entitle plaintiff to this relief, and, this appearing, to further cancel the judgment.

The jurisdiction of the County Court, however, does not rest alone, or, it might be said, principally, upon the value of the piano levied upon. Plaintiff also sues to recover $400 as damages for the wrongful and malicious acts of defendants in procuring the judgment, and in making the levy upon the property and advertising it for sale. Is the amount of these damages involved in this suit, and to be considered in determining the jurisdiction of the County Court? We think so, clearly. The contrary view can only rest upon the assumption that the only thing in controversy is the judgment of the Justice's Court, and that the amount in controversy, therefore, is fifteen dollars. It might be urged plausibly, and possibly soundly, that if this judgment were canceled and annulled, as prayed for, the execution and levy would necessarily go with it, and that, therefore, the judgment was the only real matter in controversy, so far as the relief sought is confined to restraining the sale of the piano. But no such result would follow as to the damages claimed. Indeed, if it should be determined that there was no jurisdiction in the County Court to enjoin proceedings under the judgment, on account of its amount being less than $200, there would still remain plaintiff's claim for damages to be disposed of. Suppose it be true, as urged by appellee, that, as matter of law appearing from the face of the petition, plaintiff would not be entitled to recover the damages as prayed for in this suit. That would not affect the jurisdiction of the court to hear and determine the case, but only the right of the plaintiff to the relief prayed for. The following cases are cited in support of our conclusion: Johnson v. Hanscom (90 Texas, 324); De Witt County v. Wischkemper (67 S. W. Rep., 882); Lazarus v. Swafford (15 Texas Civ. App., 367).

For the error indicated, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*