### J. J. DILLARD v. STRINGFELLOW & HUME ET AL.

Decided April 25, 1908.

**1.—Execution—Venditioni Exponas—Statute Construed.**

By virtue of an execution from a Justice Court of another county a levy was made upon land; the execution was regular and duly certified, as required by article 1663, Revised Statutes; the execution had to be returned before the property was sold, and a *venditioni exponas* was issued, which showed on its face that it was issued by the same justice of the peace who had issued the execution, but there was no attestation of the county clerk of the official capacity of the justice of the peace. Held that such attestation was unnecessary.

**2.—Execution—Injunction—Damages.**

When an injunction restraining the sale of land under execution upon a money judgment is dissolved, it is error to render judgment against the sureties on the injunction bond for the amount of the judgment in the absence of pleading and proof that the injunction had caused such damage.

Error from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson*, for plaintiff in error.—The court erred in rendering judgment against the sureties on the injunction bond for the full amount of the debt. Sayles' Stats., art. 3010; Allen v. Willis, 60 Texas, 155; Texas & N. O. R. R. Co. v. White, 130.

*H. H. Cooper,* for defendants in error.—A plaintiff in execution, enjoined by the defendant named in such execution, upon dissolution of the injunction may, upon proper pleading and proof, recover judgment for the full amount of the judgment so enjoined against the principal and the sureties upon said injunction bond. Sayles' Civil Statutes, article 2997; Texas & N. O. Ry. Co. v. White, 57 Texas, 129; Appleton v. Draughan, 32 S. W., 47; Avery v. Stewart, 60 Texas, 154-155; Coates v. Caldwell, 8 S. W., 922.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought to enjoin the sale under execution of real estate, and resulted in a judgment in favor of the defendants below dissolving the injunction and against the plaintiff and sureties on the injunction bond for the amount of the judgment sought to be collected by the execution sale. The execution was issued by a justice of the peace of another county and was regular and valid when the levy was made, but had to be returned before the property could be sold. The *venditioni exponas* was issued by the same justice of the peace, but without the attestation by the county clerk of his official capacity.

There is nothing in the record to show that any damage resulted from the effort to prevent the sale of the property by injunction beyond delay and expense.

The court did not err in dissolving the injunction, since the execution under which the levy was made was regular, although the *venditioni exponas* was not accompanied with a certificate that the justice of the peace issuing it was a duly qualified justice of the peace of the county and precinct from which it issued. The execution under which the levy was made was duly certified as required by article 1663, Sayles' Texas Civil Statutes, and the *venditioni exponas* showed on its face that it was issued by the same justice of the peace, which, we think, was a substantial compliance with the statute.

The court, however, erred in rendering judgment against the sureties on the injunction bond for the amount sought to be collected by execution, without pleading and proof that the temporary injunction had caused any such damage. We know of no authority for such a judgment.

The judgment on the injunction bond is therefore reversed and here rendered in favor of plaintiffs in error, with the costs of appeal taxed against the defendants in error, but in other respects the judgment will be affirmed.

*Reformed and affirmed.*

Writ of error refused.