AQUILLA STATE BANK ET AL. V. W. H. KNIGHT ET AL.

Decided April 2, 1910.

**1.—Jurisdiction—Collection of Taxes.**

The County Court alone has jurisdiction to restrain the collection of taxes when the amount of taxes involved is more than $200 and less than $500, notwithstanding the general power conferred upon District Courts to issue writs of injunction and mandamus.

**2.—Same—Pleading.**

In a suit by two banks against the tax collector and others, pleading considered and held to evidence a suit simply to enjoin the collection of alleged illegal taxes, and not to be a suit to remove cloud from title, hence the District Court had no jurisdiction, the amount in controversy being $374.20.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Chas. L. Black* and *Morrow & Smithdeal,* for appellants.

*N. J. Smith* and *Ivy, Hill & Greenwood,* for appellees.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by the appellants, the Aquilla State Bank and First National Bank of Hillsboro, in the District Court of Hill County, Texas, against the county judge, county commissioner and tax collector of said county, to enjoin the collection of the taxes assessed against the stock of said banks for the year 1908. The trial court sustained a general demurrer to plaintiffs' petition, and plaintiffs having refused to amend, as recited by the judgment, the cause was dismissed. From the judgment thus rendered the plaintiffs appealed and assign as error the action of the lower court in sustaining the defendants' demurrer to their petition.

The ground upon which the court based his action in dismissing the case does not appear, but it is immaterial. It is apparent of record that the District Court of Hill County had no jurisdiction of the subject matter of the suit, and, no matter what prompted the court's ruling, the dismissal was correct. The petition shows on its face that the amount of taxes sought to be enjoined is $374.20. Under the amended judiciary article of the Constitution, giving the County Court alone jurisdiction where the amount in controversy is over $200 and less than $500, the District Court has no jurisdiction to restrain the collection of taxes amounting to more than $200 and

less than $500, notwithstanding the general power conferred upon District Courts to issue writs of injunction and mandamus. In such a case the County Court has exclusive jurisdiction. Lazarus v. Swafford, 15 Texas Civ. App., 367 (39 S. W., 389); Delling v. Waddell, 64 S. W., 945. The matter has been fully discussed in the first case cited and we do not feel that we can add anything useful thereto. The judgment of the court below is affirmed.

### ON REHEARING.

The record does not, in our opinion, sustain either the propositions urged by the appellant, in its motion for rehearing, to the effect that one of the purposes of this suit is to remove the cloud from the title to the real estate mentioned in the petition caused by the alleged illegal assessment of the taxes sought to be enjoined, or that it is controlled by those decisions of our courts, holding that the District Court has jurisdiction of mandamus proceedings seeking to enforce the performance by the officer charged therewith of a mere ministerial act. It is distinctively a suit to simply enjoin the collection of alleged illegal taxes, the amount of which is definitely stated in the petition, and which have already been levied and assessed and the collection thereof threatened. The judgment of the court, both as to the illegality of the taxes and the amount thereof, is invoked and necessarily involved. The incidental allegations to the effect that the excess of tax charged against plaintiffs constitutes a lien upon the real estate described and that said lien constitutes a cloud on said real estate, and decreases the market value thereof, are insufficient, we think, especially in the absence of an appropriate prayer, to characterize the suit as one for the removal of cloud from title.

Again, that the plaintiffs did not have in contemplation a suit for the removal of any supposed cloud upon their respective titles when this suit was instituted, and that such was not in fact its object, is evidenced by the fact that the suit is brought and prosecuted jointly by the plaintiffs, two separate and distinct corporations as is manifest from the petition, which may be done in an action having for its purpose only the enjoining of illegal taxes, but which could not properly be done for the purpose of removing cloud from the title of real estate not owned by them jointly, and there is no semblance of an allegation that the real estate upon which it is alleged that the assessment in question constitutes a lien, is the joint property of plaintiffs.

Plaintiffs allege that owing to the intention of the defendants to insist upon the collection and payment of the said illegal taxes, they are threatened with a levy upon their property, a multiplicity of suits and interminable litigation, "and that in seeking their remedy against the defendants the issues presented by them involve the determination of the identical question in law and fact, and that in the kind of relief demanded by them there is an identity," etc. It seems quite clear that the suggestion, in support of the District Court's jurisdiction, that this is a suit in part to remove cloud from title, is an afterthought.

. For the foregoing reasons the cases of Anderson v. Ash, 99 Texas, 447, and Lowrance v. Schwab, 46 Texas Civ. App., 67 (101 S. W., 840), and other like cases cited by appellant, are not, in our opinion, applicable.

The motion for rehearing is overruled.

*Affirmed.*