ADAMS v. GARNER.

(Court of Civil Appeals of Texas. Dec. 21, 1910. Rehearing Denied Feb. 1, 1911.)

1. EXCHANGE OF PROPERTY (§ 13*)—PERSONAL PROPERTY—PLEADING.

Where, in an action for the price of fencing, defendant pleaded that when the order for the fencing was executed, and as a part thereof, plaintiff executed an order for trees to be delivered by a certain nursery to constitute payment for the fencing, but that when the trees were tendered plaintiff refused to accept a delivery thereof, such defense was not fatally defective for failure to allege that defendant was part owner of the order for the fruit trees; it not appearing that such order was payable to the nursery, or to any other than defendant.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 25; Dec. Dig. § 13.*]

2. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—PLURALITY OF SUBJECTS.

An assignment of error complaining of separate and distinct rulings of the court is improper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3028; Dec. Dig. § 736.*]

3. EVIDENCE (§ 465*)—PAROL EVIDENCE—ORDERS FOR GOODS—EXCHANGE.

Where reciprocal orders for different goods were given by buyer and seller at the same time, parol evidence was admissible to show that the delivery of goods under one of the orders was to operate as an extinguishment of liability for a delivery of goods under the other.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2144; Dec. Dig. § 465.*]

Appeal from Hamilton County Court; J. W. Warren, Judge.

Action by George E. Adams against W. E. Garner. Judgment for defendant, and plaintiff appeals. Affirmed.

P. M. Rice, for appellant. Eidson & Eidson, for appellee.

RICE, J. This suit originated in the justice's court, and was brought by appellant against appellee to recover the sum of $127.-10, claimed to be due him upon an order given by appellee for iron fencing.

Appellee answered, admitting, as provided by rule 31 (67 S. W. xxiii), that plaintiff had a good cause of action as set forth in his demand, except so far as it might be defeated, in whole or in part, by the facts of appellee's answer constituting a good defense. He then pleaded that at the time of the execution of said order, and as a part thereof, appellant signed and executed the following order for fruit trees: "This is to certify that I have ordered of Sylvan Nursery the following trees." The kind and character, together with the prices thereof, were then set out. And he alleged that at the time of the execution of the orders above described it was understood and agreed between them that the fence ordered by the defendant was to be delivered at Goldthwaite, and that the trees described in the order of appellant were to be delivered to him at Hamilton, and that the delivery of said trees and fencing was to be regarded as full payment and satisfaction of said respective orders; that thereafter appellant delivered the fence to appellee, and at the time agreed upon appellee tendered appellant the trees in accordance with said contract, in satisfaction of said order for the fence, and requested appellant to take said trees, which he declined and refused to do. The trial in the justice's court resulted in a verdict in behalf of appellee, from which an appeal was prosecuted to the county court, where, upon trial, a like result followed, and from which last judgment this appeal is prosecuted.

The facts fully sustain the defense set out. The first error assigned questions the correctness of the ruling of the trial court in

failing to sustain appellant's general demurrer to appellee's answer based on the ground that since the answer admitted plaintiff's cause of action, and failed to allege that he was the owner of the order for the fruit trees, said answer failed to set up a good defense. While admitting the correctness of the rule requiring the assignee of a nonnegotiable instrument, in order to recover, to allege his ownership thereof, as well as that he paid a good consideration therefor, as illustrated by the cases of Merlin v. Manning, 2 Tex. 351, Merrill v. Smith, 22 Tex. 53, and Gregg v. Johnson, 37 Tex. 558, 23 Cyc. 695, and note 51-52, still we think this rule is not applicable to the case in hand, for the reason that the order set up in defendant's answer is not payable to any one else, and for aught that is disclosed by the record, appellee may have been the owner of the nursery. If the order in question had been payable to the Sylvan Nursery, then the rule contended for by appellant would apply, and his demurrer should have been sustained, for which reasons we overrule said assignment.

While we might wholly disregard appellant's second assignment, because it complains of three separate and distinct rulings of the court, which is contrary to the rules, still, waiving this, we do not believe any error is shown of which he has the right to complain. The first presents in a different form exactly the same question passed on by the court in overruling the demurrer, and which we have already discussed, it being an objection on the part of appellant to the introduction of the order in question for the reason that it was not alleged in the answer that appellee was the owner thereof. The second objection was that the court erred in refusing to sustain appellant's objection to the introduction of the facts tending to support the averment of plaintiff's answer, because the same contravene the rule that parol testimony cannot be offered to vary or alter a written contract. This rule has been held not applicable to collateral undertakings, nor to cases in which the written instrument is only part of a more comprehensive agreement or transaction. Here it appears, both from the pleadings and the evidence, that the two orders were executed at the same time, the one given by the defendant for the fence as well as the other by plaintiff for the trees, with the distinct understanding at the time that the delivery of the fence would be a payment for the order for the trees, and the delivery of the trees would be in satisfaction of the order given for the fence. So that the two orders were parts of the same transaction, and constituted, as we think, an exception to the rule contended for by appellant. Therefore the evidence in our opinion was clearly admissible; hence we overrule appellant's contention in this respect. See Landrum v. Stew-

art, 111 S. W. 769, and authorities there cited.

Finding no error in the judgment, the same is in all things affirmed.

Affirmed.