DAY v. MERCER.    (No. 8124.)

(Court of Civil Appeals of Texas. Ft. Worth. March 13, 1915. On Motions for Rehearing and to Certify, April 17, 1915.)

1. PLEADING ⬤➡420—PLEA TO JURISDICTION —AMENDMENT—OBJECTIONS—WAIVER.

Where a special plea of want of jurisdiction of the district court over the subject-matter of the action was presented in an amended answer, leave to file which had been granted by the court, and plaintiff did not except or object to the plea at the time, nor move to strike it out, the court must hear and determine it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1408–1412; Dec. Dig. ⬤➡420.]

2. APPEAL AND ERROR ⬤➡544 — QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS.

In the absence of a bill of exception taken to the action of the court in considering a plea of want of jurisdiction, or in taking the issue from the jury, the action of the court in taking the issue from the jury cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬤➡ 544.]

3. PLEADING ⬤➡104—PLEA TO JURISDICTION —SUFFICIENCY.

A special plea, in an action in the district court for damages to land and crops in the sum of $600, which alleges that the amount in controversy is not $600 or any other amount within the jurisdiction of the court, and that the damages are less than $500 and in fact less than $200, and that the matter is within the jurisdiction of a justice court, that the allegation of damage of $600 was fraudulently made to confer jurisdiction, sufficiently charges that the

district court is without jurisdiction, and the court on appeal from a dismissal will not disturb the ruling because of the incidental allegation that the amount in controversy is less than $200, especially where the evidence shows that the amount of damages proven was $300, an amount over which the county court had jurisdiction.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. &roundkey;104.]

### On Motion for Rehearing.

4. APPEAL AND ERROR &roundkey;742 — QUESTIONS REVIEWABLE—ASSIGNMENT OF ERROR—PROPOSITIONS.

An assignment of error is limited by the proposition following the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &roundkey;742.]

### On Motion to Certify.

5. COURTS &roundkey;247—COURT OF CIVIL APPEALS —CERTIFICATE TO SUPREME COURT.

The Court of Civil Appeals will not certify questions to the Supreme Court where a writ of error lies.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. &roundkey;247.]

6. COURTS &roundkey;247 — DECISION OF COURT OF CIVIL APPEALS—CONCLUSIVENESS.

The decision of the Court of Civil Appeals on appeal in a case properly cognizable by the county court is final, and a certificate to the Supreme Court does not lie.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. &roundkey;247.]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by John F. Day against L. D. Mercer. From a judgment of dismissal, plaintiff appeals. Affirmed, motion for rehearing overruled, and motion to certify questions to the Supreme Court denied.

Harris & Young and Lattimore, Cummings, Doyle & Bouldin, all of Ft. Worth, for appellant. J. C. Smith, David B. Trammell, and Capps, Cantey, Hanger & Short, all of Ft. Worth, for appellee.

CONNER, C. J. Appellant, who was the plaintiff below, thus states the nature of his case:

"This suit was brought on the 21st day of June, 1910, alleging: That plaintiff was the owner of the northwest quarter of the A. N. Curry 160-acre survey in Tarrant county, Tex., upon which he resided, and which he cultivated. That appellee owned land lying west of the appellant's, and by constructing a ditch thereon caused an increased amount of water to flow over plaintiff's land, and judgment was sought for the sum of $450 damage to said land, and $50 for crops alleged to have been washed up and overflowed. Injunction was also prayed requiring appellee to fill up and remove the ditch and dam. Defendant originally replied with general exception and general denial. On February 24, 1913, plaintiff filed his second amended original petition, substantially reiterating the allegations of his petition, and alleging the construction of other ditches and embankments, and the further washing of his land and destruction of crops, and alleges damages to his land in the sum of $500, and to crops in the sum of $100, for which judgment was prayed. The prayer for injunction requiring appellee to fill up the dams and ditches and drainways was repeated. On the 23d of February, 1914, the cause was transferred to the Sixty-Seventh judicial district court, and on April 2, appellee amended his original answer, setting up that plaintiff had fraudulently stated the amount of his damages at the sum of $600, for the purpose of conferring jurisdiction on the district court of Tarrant county, Tex., and that in truth said district court had no jurisdiction of said cause of action; such plea being in terms as follows: (1) Defendant respectfully shows to the court that the amount in said controversy herein is not the sum of $600, or any other amount within the jurisdiction of this honorable court. That, even under the testimony of the plaintiff, the plaintiff's damages are a sum for less than $500, and in fact less than $200, and the matters in controversy herein, if held at all, are within the jurisdiction of the justice court, of the precinct in which the parties hereto reside, and are not cognizant or within the jurisdiction of the district court, and the allegations of damage of $600 set out, and set forth in plaintiff's second amended original petition, filed February 14, 1913, and in his first amended original petition filed January 20, 1911, wherein the damages are alleged to have been $500, and in his original petition, filed June 21, 1910, in which his damages are alleged to be the sum of $500, were each and all fraudulently made for the purpose of conferring jurisdiction on the district court of Tarrant county, Tex., and particularly on the Seventeenth district court of said county and state."

Defendant also interposed several demurrers, exceptions, and pleas not necessary to notice. There was a trial before the jury, and, after the introduction of the testimony, the defendant insisted upon the court's determining the issues presented by his special plea to the jurisdiction of the court. This it seems the court did, determined the plea in the defendant's favor, discharged the jury, and entered up judgment dismissing appellant's cause, and hence this appeal.

[1, 2] As appears in the statement we have quoted, the plea to the jurisdiction was presented several years after the institution of the suit, and appellant insists that the plea came too late. The record, however, shows that this special plea was presented in an amended answer, leave to file which had been granted by the court, and it does not appear that appellant at any time excepted or objected to the presentation of the plea at the time. As presented in the pleadings, at the time the parties announced ready for trial, the plea was in due order of pleading, and in the absence of any motion to strike it out, and in the absence of any plea that it came too late, we know of no legal reason that we can assign why the court was not empowered to hear it. It is further vigorously insisted that the court erred in taking the issue from the jury and in determining it himself. While it is doubtless true that appellant's right was to have the issue determined by the jury, yet we find nothing in the record proper that shows that he made a request therefor, or that he objected

&roundkey;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the course pursued. There is no bill of exception taken to the action of the court in either considering the plea or in taking the issue from the jury, and, in the absence of a bill of exception, the objection cannot be considered. See Kolp v. Shrader, 131 S. W. 860.

[3] It is further urged that the special plea on its face showed that the district court had jurisdiction, in that it is alleged that the real amount in controversy was less than $200 and within the jurisdiction of the justice court. In which event, as we ourselves held in the case of Warren v. Foust, 36 Tex. Civ. App. 59, 81 S. W. 323, and as has been held in other cases, the district court would have jurisdiction. But the gravamen of the charge in the plea was that the district court was without jurisdiction, and the court in the determination of that plea so concluded and dismissed the cause, thus impliedly determining that the amount in controversy was not within the jurisdiction of the district court upon any ground. The legal effect of the court's action, therefore, as it seems to us, cannot be disturbed by the fact of the incidental allegation in the special plea that the amount in controversy was less than $200. This is particularly true, when an examination of the evidence to which we are referred shows that the amount of damage proven was $300, an amount over which the county court had jurisdiction. If the amount in controversy was within the jurisdiction of the county court, that court, and not the district court, had the power to afford the incidental relief sought by the prayer for injunction. See Jesse French Piano Co. v. Clay, 40 Tex. Civ. App. 638, 90 S. W. 682; Johnson v. Hanscon, 90 Tex. 321, 37 S. W. 601, 38 S. W. 761; Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Aquilla State Bank v. Knight, 126 S. W. 893.

We fail to find any assignment specifically questioning the sufficiency of the evidence to sustain the court's judgment on the special plea to the jurisdiction, and therefore have not felt called upon to specially consider whether we should set aside the ruling for want of evidence. We might add, however, that while appellant upon the trial testified that he had stated to his attorneys the amount of his damages as between $500 and $600, and while such statement to his attorneys does not appear, perhaps, to have been very satisfactorily shown to have been made with a fraudulent purpose, he further testified, among other things, particularly as follows:

"I have testified here under oath as to what I considered the damage was, and that is what I told my attorneys before the suit was brought, just as I have testified here. * * * I have stated that I estimated the total damage to the body of my land to be $200, and the total damage to the crops at $100."

From the fact that according to appellant's own statement the total extent of his damages was but $300, the court doubtless drew the inference that the statement of the greater amount in his petition had been fraudulently made, and we hence would not feel justified, particularly in the absence of an assignment requiring us to consider the question, in saying that the judgment should be reversed because it is unsupported by the evidence.

The judgment is affirmed.

### On Motion for Rehearing.

[4] We have again reviewed the record in this case, and feel unable to bring ourselves to any different conclusion from that announced in our original opinion. In overruling the motion for rehearing, however, we wish to observe that, while it is true that the language quoted in the statement under appellant's first specification of error in the motion for rehearing is found in the fourth assignment of error in appellant's original brief, yet it will be seen by a further consideration of the original brief that the proposition following this assignment does not raise the question of the insufficiency of the evidence. It presents an altogether different question, the proposition thus limiting the assignment.

The motion for rehearing is overruled.

### On Motion to Certify.

[5, 6] As we construe the case as presented, the questions appellant seeks to have us certify to the Supreme Court arise upon the undisputed facts exhibited by the record. In such cases it has been the uniform practice of this court to refuse to certify where a writ of error lies to the Supreme Court, inasmuch as a hearing by the Supreme Court on writ of error enables that court to consider the entire record unrestricted by this court's findings as presented in a certificate. If the case is one properly cognizable by the county court, and hence one in which our judgment is final, a certificate to the Supreme Court does not lie. See Cole v. State (Sup.) 170 S. W. 1036; First State Bank of Archer City v. Power (Sup.) 163 S. W. 581; T. & P. Ry. Co. v. Hemphill, 125 S. W. 340; and No. 6134, J. H. Bray v. C. G. & S. F. Ry. Co., by this court without opinion.

We therefore conclude that the motion to certify should be overruled on the ground that, if the case is one over which the Supreme Court has jurisdiction on writ of error, there is no necessity therefor, or, if it is one in which our judgment is final, the Supreme Court is without jurisdiction.