RAMSEL v. MILLER et al. (No. 6019.)

(Court of Civil Appeals of Texas. San Antonio. April 10, 1918. Rehearing Denied May 8, 1918.)

1. COSTS &#8660;144, 145 — EXECUTION AGAINST SURETY ON COST BOND—ACTION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2051, the justice court final judgment must expressly recite the liability of the sureties on the bond given for costs, in order to support execution levied on the property of the sureties; otherwise, a distinct action on the bond by the officers is the proper remedy.

2. EXECUTION &#8660;171(1)—RELIEF AGAINST—INJUNCTION.

In a suit for conversion in unlawfully seizing property on an execution, to support which there is no judgment, a writ of injunction may issue to prevent the sale of the property prior to final determination.

3. COURTS &#8660;121(3) —JURISDICTION—TEXAS—DISTRICT COURT.

The district court is without jurisdiction of an action for conversion, based on seizure of property valued at $175 under an invalid execution, for exemplary damages in sum of $50, and for an injunction restraining sale; the amount involved being within the exclusive jurisdiction of the county court.

Appeal from District Court, San Patricio County; F. G. Chambliss, Judge.

---

Suit by Harmon P. Ramsel against Will Miller and others. Judgment for defendants, and plaintiff appeals. Affirmed.

John A. Jones, of Sinton, for appellant. W. S. Vawter, of Sinton, for appellees.

SWEARINGEN, J. This suit was brought by appellant in the district court against appellees for damages for the seizure and conversion of a mule, of the value of $175, and for $50 exemplary damages, as well as the reasonable value of the hire of the mule, alleged to be 75 cents a day from September 26, 1917. Application was also made for a temporary injunction to restrain the sale of the mule pending the determination of the suit. A temporary injunction was granted; but upon a trial of the case the temporary injunction was dissolved and the cause dismissed.

It was alleged that appellees had seized the mule under claim of an execution issued by a justice's court to force the payment of costs awarded against certain defendants in the cause tried in the justice's court. It is further alleged that the judgment was not rendered against the appellant herein; that this appellant was a surety on a bond given to secure the costs of the justice's court case, but that the judgment rendered by the justice's court was against the defendant in that case alone, and not against the sureties on the cost bond, for which reason there is no judgment against the appellant herein, and therefore an execution, by virtue of that justice court's judgment, was wrongfully levied upon appellant's mule.

[1] There is no question about the correctness of this contention. Under article 2051, V. S. R. T. C. St., the judgment must expressly recite the liability of the sureties on a bond given for costs in order to hold them liable for the costs adjudged. The fact that the sureties signed and filed the bond is not of itself sufficient to make them liable. Glameyer v. Hamilton, 60 S. W. 471; Bodeman v. Reinhard, 54 S. W. 1051.

A suit could be brought by the officers of the justice's court to enforce the obligation of the cost bond against the sureties, and such suit would be an entirely distinct suit from the justice's court suit, wherein the amount of the costs was incurred. Bodeman v. Reinhard, 54 S. W. 1051.

In this case the execution could not lawfully be levied upon appellant's mule, because there was no judgment rendered against appellant. The seizure was therefore unlawful, and appellees are liable for the damages caused by the wrongful seizure.

[2] In aid of this suit for conversion, a writ of injunction is the proper procedure to prevent the sale of the mule prior to the final determination of this suit for conversion.

[3] However, the district court had no jurisdiction of this cause, because the amount alleged in the petition as sued for is over $200 and does not exceed $500, of which causes the county court has exclusive jurisdiction. The district court, being without jurisdiction of the cause, properly dismissed the cause. Constitution (Ann. by Harris) art. 5, § 16, note 2; Jesse French Co. v. Clay, 40 Tex. Civ. App. 638, 90 S. W. 682; Aquilla Bank v. Knight, 60 Tex. Civ. App. 221, 126 S. W. 893; Brown v. Young, 1 White & W. Civ. Cas. Ct. App. § 1240; Day v. Mercer, 175 S. W. 764; Dean v. State, 88 Tex. 296, 30 S. W. 1047, 31 S. W. 185; De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Johnson v. Hanscom, 90 Tex. 321, 37 S. W. 601, 38 S. W. 761; Railway v. Butler, 102 Tex. 322, 116 S. W. 360.

The judgment is affirmed.