## GREEN et al. v. HODGE.

### No. 1830.

Court of Civil Appeals of Texas. Waco.

Feb. 25, 1937.

Rehearing Denied March 18, 1937.

Felix Atwood, of Ennis, for appellants.

Lem Wray, of Waxahachie, for appellee.

ALEXANDER, Justice.

This suit was brought by Alex L. Hodge against J. E. Green and O. S. Bain to recover judgment on an injunction bond executed by Green as principal and Bain and one Arthur Jones as sureties. The cause of action arose in this manner. Hodge recovered a judgment against E. V. Cole in the justice court for $101 and costs and caused an execution to be issued and levied on a tractor and a spudder and the drilling equipment used in connection therewith. After the levy of the execution, Cole conveyed the property so levied on to the defendant Green. Shortly thereafter, Green filed suit in the county court of Ellis county against Hodge and Hillyer Estes, the constable who had levied on the property, for a temporary injunction restraining the sale of the property. The county court granted the temporary injunction as prayed upon the execution of a bond in the sum of $250. Green signed the injunction bond as principal and Bain and Jones signed it as sureties and the writ of injunction issued as directed by the court. Later, the injunction proceedings were dismissed. Hodge then brought this suit in the justice court of Ellis county against Green and Bain to recover on the injunction bond for the damages alleged to have been sustained by him by reason of the improper suing out of the temporary writ of injunction. After a trial in the justice court, an appeal was taken to the county court. A trial in the latter court, without a jury, resulted in a judgment in favor of the plaintiff against the

defendants for the sum of $109.05, that being the amount of the judgment with costs previously recovered by Hodge against Cole. The defendants appealed.

 The only material question necessary to be determined is whether or not the appellee satisfactorily proved that he suffered damages in the amount allowed by the trial court as the result of the unlawful suing out of the injunction. The rule is that where a party secures a temporary injunction to stay proceedings for the collection of a judgment, he and his sureties on the injunction bond do not automatically become liable for the amount of the original judgment so enjoined upon dissolution of the injunction, for in such case the original judgment remains in full force and effect and all process previously available for its enforcement can still be employed for that purpose. Except in those cases where a statutory penalty has been incurred for suing out the injunction for delay only, and excluding claims for expenses incurred and for interest accruing during the delay, the damages for unlawfully enjoining the enforcement of a judgment is usually measured by the extent to which the amount collectible on the judgment has been reduced in consequence of the suing out of the injunction. This is usually measured by the difference between the amount actually collectible on the judgment and that which would have been collected had the injunction not been sued out. 24 Tex.Jur. 323; 32 C.J. 481; 14·R.C.L. 483; Texas & N. O. Ry. Co. v. White, 57 Tex. 129; Fernandez v. Casey, 77 Tex. 452, 14 S.W. 149; Womack v. McMillan (Tex.Civ.App.) 47 S.W.(2d) 437; Warren v. Foust, 36 Tex.Civ.App. 59, 81 S.W. 323; Dillard v. Stringfellow & Hume, 50 Tex.Civ.App. 410, 111 S.W. 769; Ables v. Waggoner (Tex.Civ.App.) 208 S. W. 693.

 The trial court filed findings of fact, but there was no finding nor evidence to support such finding, that the property levied on by the constable prior to the issuance of the injunction is not now in the possession of the constable and available for sale in satisfaction of the judgment. The only testimony on this question is by the appellee Hodge, who testified as follows: "This tractor and drilling equipment was moved from the O. S. Bain farm after the constable levied on it; I saw them move it; Claude Baker was driving the tractor and pulling with it the spudder but I do not know who was in charge of it; I have not seen this property since and do not know where it is now." There is nothing to show whether the Claude Baker referred to as having moved the tractor was connected with the constable's office and was moving the tractor for the constable, nor does the evidence otherwise show that the property is not now in the possession of the constable or cannot be found by him and subjected to the writ. The issuance of the injunction did not destroy the constable's right to retain possession of the property previously levied on, nor did it interfere with his right to again seize the property and to sell it in satisfaction of the judgment after the injunction proceedings were dismissed. If the property so levied on by the constable is still in his possession, or is otherwise available for sale under the execution, and if it will now bring as much as it would have brought had the writ not been sued out, then appellee has suffered no damage and is not entitled to recover herein.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.