JOHN DEAN v. THE STATE EX REL. H. F. BAILEY.

No. 289.

**1. Trial of Title to an Office.**

The District Court has jurisdiction in a suit by information in the nature of a quo warranto in the name of the State of Texas, at the relation of a claimant against the incumbent, to try the title to the office so claimed, although the value of the office is less than $500................................. 295

**2. Election Machinery.**

The action of the canvassing board is a part of the election machinery, and is practically necessary in most cases, so that the result may be made known. But it is not a part of the election itself. The election is complete without it....................................................................... 295

**3. Canvassing Board—Failure to Act.**

The District Court can entertain jurisdiction of such suit to try title on part of a party elected to an office, although the returning board refuse to canvass the returns or declare the result. The action of quo warranto to try title to a county office will lie before the Commissioners Court have canvassed the returns, upon their refusal to do so.......................... 296

**4. Trial of Right to an Office—County Court.**

The County Courts, under the several provisions in section 16, article 5, of the Constitution, do not have jurisdiction of such a case—quo warranto to try title to an office............................................................... 297

QUESTIONS CERTIFIED from Court of Civil Appeals for First District, in an appeal from Galveston County.

Certified questions to the Supreme Court: "The above entitled cause is an appeal to this court from a judgment of the District Court of Galveston County, by the respondent, John Dean, in a suit against him by information in the nature of a quo warranto in the name of the State of Texas at the relation of Henry F. Bailey, to try the title to the office of county commissioner of Galveston County, alleging the value of the office to be $550.

"In the court below the respondent pleaded in abatement to the jurisdiction of the District Court, that the office was not of the value of $500, and that the allegation of value was fraudulently made for the purpose of conferring jurisdiction on the District Court. A demurrer was sustained to the plea in abatement, but the court afterwards heard evidence of the value of the office, and finally, however, refused to submit the issue to the jury, though requested to do so by a special charge asked by the respondent.

"Dean, the respondent, is holding the office by virtue of an election thereto at the general election in 1892. At the election in 1894 he and the relator were opposing candidates; and the latter, claiming to have been elected, filed this suit, December 11, 1894. The Commissioners Court of Galveston County have never canvassed the returns and declared the result of said election, but refused to do so.

"Questions arise upon the record affecting the jurisdiction of the District Court and its right to hear said cause, and are certified for the decision of the Supreme Court, as follows:

"1. Had the District Court jurisdiction of the cause of action without regard to the value of the office?

"2. Does the issue of value to confer jurisdiction depend on the reasonable value of the office; or whether or not the allegations were made with the fraudulent intent to do so?

"3. Could the District Court entertain jurisdiction of the cause upon the refusal of the Commissioners Court to canvass the returns and declare the result, and without it having done so?

"4. Will the action of quo warranto lie to try the title to an office before the Commissioners Court have canvassed the returns and declared the result of the election, and upon their refusal to do so?"

*Lovejoy & Sampson* and *Spencer & Kincaid*, for appellant.—1. The District Court has no jurisdiction to try the right to an office by an information in the nature of a quo warranto, unless the office (the matter in controversy) exceeds $500 in value; and so much of the Act of

July, 1879, providing for an information in the nature of a quo warranto, which attempted to confer such jurisdiction, being unconstitutional and void when passed, the amendment of 1891 of the judiciary article of the Constitution could not and did not quicken it so as to confer such jurisdiction; and the court therefore erred in sustaining the exceptions of the relator, and in overruling the plea in abatement without reference to the facts. The State v. De Gress, 72 Texas, 242; Odell v. Wharton, 87 Texas, 173; Harrell v. Hill, 15 Texas, 270; Little v. Woodbridge, 1 W. & W. C. C., sec. 154; Railway v. Nicholson, 61 Texas, 552; Dwyer v. Bassett, 63 Texas, 276; Roper v. Brady, 80 Texas, 588; Hoffman v. Building and Loan Assn., 85 Texas, 409; Supp. to Sayles' Civ. Stats., art. 4390d, secs. 1–9; Id., art. 4390e.

2. The Commissioners Court has not canvassed the returns. Action should have been against the county commissioners. Until returns are canvassed, the action does not lie. Sayles' Rev. Stats., art. 4098i, secs. 1, 5, 6; Id., arts. 1705–1707; Const., art. 5, sec. 18; Nelson v. Edwards, 55 Texas, 391; Badger v. United States ex rel. Boles, 3 Otto, 599–604 (Co-op. ed., 991); The State v. Bulkeley, 23 Atl. Rep. (Conn.), 186; The State v. Meder, 38 Pac. Rep., 668; The State v. Smith, 22 Atl. Rep., 1020; Hubbard v. Crawford, 19 Kan., 570; Trueheart v. Addicks, 2 Texas, 224.

3. The information under the Statutes of Anne, filed with leave of the court at the relation of a private person, for the purpose of inducting the relator into office, is not a part of the common law of this State, and was not in force in this State prior to the adoption of the Statutes of Anne by the Legislature, in 1879. Blanton v. Wilson, 4 Texas, 407; Brennan v. Bradshaw, 53 Texas, 336.

The common law writ of quo warranto could not be used for the purpose of inducting one into office, its only office being to oust the usurper in behalf of the government. Elisha Strong, 20 Pick., 497.

Information in the nature of quo warranto filed at the relation of private parties for the possession of an office are really suits between the relator and the respondent, and the State is merely a formal and nominal party in such suits. McAllen v. Rhodes, 65 Texas, 351; The State v. Connor, 86 Texas, 133.

While the right to an elective office results from the legally expressed choice of a majority of the electors, yet the manner of expressing the choice, and how it is to be legally expressed, is a matter of legislative discretion and determination. A different returning board from that provided by law can not be substituted, and the legal board dispensed with by the courts. Williamson v. Lane, 52 Texas, 344; Wright v. Fawcett, 42 Texas, 206.

*Bradford Hancock*, County Attorney; *Hume & Kleberg, Davidson & Minor,* and *James B. & Charles J. Stubbs,* for appellee.—1. The District Court has general original jurisdiction over all causes of action whatever, for which a remedy or jurisdiction is not provided by law

or by the Constitution. Const., art. 5, sec. 8; Cool. Const. Lim., 98, 99, and notes; Hemphill v. Watson, 60 Texas, 679.

Under the Constitution as it stood before the amendment of 1891, this court would not have had the right to try a suit for an office brought either under the quo warranto act or any other form of proceeding where the value of the office was less than $500. This was decided in The State v. De Gress, 72 Texas, 242, which held, that the jurisdiction of the District Court was limited to the cases defined in the Constitution, and that the Legislature could not confer upon it additional power. This restriction, however, was entirely removed by the amendment of 1891, which, in so far as it relates to this question, is complete within itself, and requires no legislation to make it effectual. No procedure other than that which now exists under our statutes is necessary to enable this broad grant to be enforced. It is self executing in the fullest sense. There is no detail of regulation or practice which would give it plainer or more direct application. than its positive terms provide. The gap in our judicial system was closed by this enlargement of the powers of this court, which is now open for the establishment of those rights which can be enforced in no other forum. Our organic law in this respect is now complete; its omissions supplied; its defects corrected. Where there is a right there is a remedy, and this independently of any legislative formulation of methods of procedure. No jurisdiction could be more general than that which is extended over all causes of action whatever for which a remedy is not provided by law; and we need not go to the Legislature to ask it to put this provision into effect. Its action is direct, without the intervention of that department.

2. An information in the nature of a quo warranto is an appropriate proceeding not only to oust an intruder from office, but also to adjudge to the relator the title and possession thereof. It is, however, not the only remedy. McAllen v. Rhodes, 65 Texas, 351; The State v. Owens, 63 Texas, 261; Williams v. The State, 69 Texas, 369; Fowler v. The State, 68 Texas, 30, 36; Sayles' Civ. Stats., art. 4098i, and notes; Banton v. Wilson, 4 Texas, 405.

Under the case presented, the Commissioners Court had positively refused to canvass the returns and estimate the results of the election; and while a mandamus might have been resorted to, to compel them to proceed, yet the remedy by quo warranto was the more direct and efficacious. As far as appellant is concerned, he is estopped from questioning our right to go into the District Court in the first instance; because, as one of the Commissioners Court, he had violated his duty and the law in refusing to declare the result of the election, and he can not invoke his own wrong as a defense. "Quo warranto is only a cumulative remedy." Bell v. Faulkner, 84 Texas, 189. A similar question was considered in Ewing v. Duncan, 81 Texas, 235.

The court should ascertain the number of legal votes cast, without reference to irregularities in the returns. McKinney v. O'Connor, 26

Texas, 11. Mandamus to compel the Commissioners Court to declare the result need not have been resorted to, if there was other adequate legal remedy. Ewing v. Cohen, 63 Texas, 482. In Bradley v. McCrabb, Dallam, 508, Hemphill, C. J., recognizes the right of one entitled to an office to sustain the right either by quo warranto or mandamus. Trueheart v. Addicks, 2 Texas, 222. The record does not fully disclose the grounds of the refusal of the commissioners to estimate the result of the election. Assuming that some of the members, including appellant, might have objected that the returns were not all made within the time directed by the statute (Revised Statutes, articles 1705, 1706), they would probably have further insisted, that the act to be performed in making the canvass called for the exercise of judgment upon the facts, and was not purely ministerial, and that therefore mandamus would not lie. If this should have been decided adversely to Dean, after litigation through the courts, he could still have held the office, after the result was declared and certificate issued to relator, and have forced him to proceed as he has done, before he could get possession.

The law does not sanction such circuity and injustice. The act of the commissioners in computing the vote and announcing the totals merely affords formal evidence of the number cast and for whom, but is not the only evidence; and if they decline to make such declaration, then the candidate who received the most votes can show that fact in a suit in the District Court. The statute does not provide or imply that the action of the commissioners shall be a prerequisite to official tenure, rightful claim, or suit for an office. It rests upon the will of the people expressed at the polls, and that can be ascertained and given effect otherwise than through or by the Commissioners Court. It is not the exclusive channel.

Quo warranto is the common law remedy to test the right to office. 6 Am. and Eng. Encyc. of Law, 383, 386.

The weight of authority is that it, and not mandamus, is the method of trying the title to office. 14 Am. and Eng. Encyc. of Law, 146, and note.

That the former exists is a sufficient ground for refusing the latter. Id., 97.

GAINES, CHIEF JUSTICE.—1. We are of the opinion, that the District Court had jurisdiction to hear and determine this case, without reference to the value of the office in controversy. Should we hold, that the provision of the Constitution which confers exclusive jurisdiction upon the County Court "in all civil cases where the matter in controversy shall exceed $200 and not exceed $500, exclusive of interest," gives such courts the power to issue extraordinary writs to try the title to an office, when the value thereof was within the limits named, we should be compelled to hold, also, that justices of the peace have a like power, when the value of the office is less than $200. The lan-

guage of the Constitution which defines the jurisdiction of the Justice Courts as to civil cases, except as to the amount in controversy, is substantially the same as that employed in defining the jurisdiction of the County Court in such cases. See sections 16 and 19 of article 5 of the Constitution. The County Court may issue extraordinary writs, but only when necessary to enforce their jurisdiction. That is to say, they have no jurisdiction over a suit originally brought to enforce a right, as by injunction or mandamus; but can issue such writs as auxiliary to a pending suit, when necessary to enforce their jurisdiction over the suit or its subject matter. Therefore, if the County Court can try the title to an office, we see no satisfactory reason why a Justice Court may not do the same, provided its value be less than $200. That it was never intended to confer this power upon the Justice Courts is obvious; and we therefore conclude that the County Court would not have had jurisdiction of this case, although the value of the office be less than $500 and more than $200. Amended section 8 of article 5 of the Constitution provides, that the District Courts "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." No other court having jurisdiction over the cause, the District Court has the power to determine the right of the case, and to apply the remedy. An information in the nature of a writ of quo warranto is an appropriate remedy in such cases.

2. The answer to the first question renders an answer to the second unnecessary.

3 and 4. The third and fourth questions are substantially the same. The title to an elective office depends upon the vote cast at the election, and not upon the action of the canvassing board. Ewing v. Duncan, 81 Texas, 235. The certificate of election given by the Commissioners Court is prima facie evidence of the right; but it is nothing more. Notwithstanding such certificate, any candidate who may consider himself aggrieved by it may, in a proper proceeding in a court of competent jurisdiction, maintain his title to the office, by showing that at the election he received a plurality of the legal votes which were lawfully cast. That he can not bring an action for the office until the Commissioners Court have acted, or until, after the arrival of the proper time for action, they have failed to act, is clear. But that the court should not be permitted to abridge his right by refusing to do their duty, is equally clear. The action of the canvassing board is a part of the election machinery, and is practically necessary in most cases, in order that the result may be made known. But it is not a part of the election itself. The election is complete without it, though the result may not be definitely known.

It is evident, that it is the duty of the Commissioners Court under the law to canvass the vote and declare the result, and that it is convenient that they should do so is equally apparent; but we are unable to reach the conclusion that their action is a prerequisite to the

right of a successful candidate to sue for his office. It is to be remembered, that the term of office in this State is, as a general rule, limited to two years; and also, that when a contest for an office arises, the public interests demand that it should be brought to a speedy determination. It is the plain and imperative duty of the Commissioners Court to canvass the vote and declare the result; and should they refuse, they may be compelled to perform that duty. But to require a successful candidate first to proceed by mandamus against the court, and then to bring a second suit for the office, is practically to deprive him of the fruits of his election, and to set at naught the will of the people. The records of this court are not wanting in instances in which the term of office had expired before the appeal could be determined, although the vote had been canvassed and the result declared, and action had been promptly brought to try the title to the place. If the Commissioners Court can refuse to perform their duty, and thus bring about the necessity for two suits on part of one who has been elected to an office, the practical result is, that they have the power to defeat the will of the people. It is not to be believed that the Legislature intended such a result.

We conclude, that the relator had the right to bring his action immediately upon the refusal of the Commissioners Court to canvass the vote and declare the result.

Delivered May 6, 1895.

### ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—In the former opinion in this case we were in error in saying, that under amended section 16 of article 5 of the Constitution, the County Courts have power to issue the extraordinary writs of injunction and mandamus "only when necessary to enforce their jurisdiction." The original section reads in part as follows: "And the County Courts and the judges thereof shall have power to issue writs of mandamus, injunction, and all other writs necessary to the enforcement of the jurisdiction of said courts." The corresponding provision of the amended section is as follows: "And the County Court or the judge thereof shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court." The omission from the amendment of the word "other" had escaped our notice until called to our attention by the argument in support of this motion. It results, from the previous decisions of this court, that the omission of the word materially changes the meaning of the provision, and enlarges the power of the County Court to issue writs of mandamus and injunction. Anderson County v. Kennedy, 58 Texas, 616; Carlisle v. Coffee, 59 Texas, 391.

Our purpose in making these remarks is merely to correct this error; for we are of opinion, that the change of construction wrought by the

change of language in the amendment does not affect the questions certified for our determination. The case in question is a proceeding in the nature of a writ of quo warranto to try the title to an office. The provision quoted from amended section 16 of article 5 of the Constitution does not confer jurisdiction upon the County Courts over such a case; and if they have jurisdiction, it must be by virtue of the general provision which empowers them to hear and determine causes in which the value of the thing in controversy is $500 or more and does not exceed $1000, exclusive of interest. It is held in the former opinion, that the general provision did not give the jurisdiction.

The motion for a rehearing is overruled.

*Overruled.*

Delivered May 30, 1895.