# OCTOBER, 1912.

### J. E. DEWEES v. E. A. STEVENS, ET AL.

No. 2460. Decided October 16, 1912.

1.—Mandamus—Primary Election—Jurisdiction.

At a primary election for nominating candidates for the Democratic party, the name of a Republican and federal office-holder who did not participate in the primary was placed on the ticket by the executive committee in ignorance of his political affiliations, and he received a majority over his Democratic opponent. The executive committee, in a certificate showing these facts, designated the Democrat as party nominee. The District Court, in an

action for mandamus, ordered the committee to certify the name of the Republican as the nominee. Held that such action was the determination of a legal question, involving judicial discretion, and the Supreme Court had no jurisdiction, in an original action for mandamus therein, to review such decision and require the trial court to make a different order. (Pp. 357-360.)

2.—Same.

It seems that the proper remedy of a candidate who by primary election has acquired a right to be certified as the party nominee, against a judgment of the District Court compelling the executive committee to certify his opponent as nominee, would be by contest of the election under the provisions of the primary election law. (P. 360.)

Original application by Dewees to the Supreme Court for writ of mandamus against Stevens and others.

*O. A. McCracken* and *C. A. Cone,* for relator, cited: Clary v. Hurst, 104 Texas, 423; Ashford v. Goodwin, 103 Texas, 491; Anderson v. Ashe, 130 S. W., 1044; Screwman's Benev. Assn. v. Benson, 76 Texas, 553; Catholic Knights v. Gambati, 29 Texas Civ. App., 80; Arberry v. Beavers, 6 Texas, 457; Burrell v. Blanchard, 51 S. W., 47; Dunlap v. Broyles, 141 S. W., 289; Old River R. I. Co. v. Stubbs, 133 S. W., 494; Terrell v. Green, 88 Texas, 545; Thomas v. Moore, 101 Texas, 205.

*J. E. Canfield* and *L. B. Wiseman,* for respondents, cited: Rev. Stats. (1911), arts. 3125, 3143, 3173; Metz v. Maddox, 82 N. E., 510; Dean v. Campbell, 59 S. W., 294; Terrell v. Green, 88 Texas, 545; Arberry v. Beavers, 6 Texas 457; Schintz v. Morris, 35 S. W., 524; Kulp v. Raley, 99 Texas, 310; 19 Am. & Eng. Enc. Law (2nd ed.), 737-739; Green v. Adams, 119 Ala., 472; Leary v. Jones, 116 Pac., 130; Johnson v. City Council, 11 Texas Civ. App., 469; Town of Pearsall v. Wools, 50 S. W., 959; People v. Bell, 119 N. Y., 185.

MR. JUSTICE DIBRELL delivered the opinion of the court.

On August 10, 1912, Hugo Kott filed in the District Court of Wilson County his petition against J. E. Dewees, chairman of the Democratic Executive Committee of Wilson County and others, praying for a writ of mandamus to compel the said Dewees, as such chairman, to certify to the county clerk of Wilson County the name of Kott as the regular Democratic nominee for the office of county commissioner of Precinct No. 3 of Wilson County. The petition, in substance, alleged that Kott, with two others, was a candidate before the Democratic primary held on July 27, 1912, for the Democratic nomination for county commissioner of Precinct No. 3 of Wilson County and that he had received a plurality of all the votes cast for the candidates for said office and was, therefore, entitled to have his name certified to the county clerk as the nominee for such office, in compliance with the primary election laws of this State. The cause was set down for hearing in vacation, and after such hearing, on August 20, 1912, an order was entered by the district judge requiring J. E. Dewees, as chairman of the Democratic Executive Committee of Wilson County, to certify to the county clerk of said county the vote received by

Hugo Kott in the primary election showing his nomination for such office.

The cause was submitted to the trial judge upon the pleadings and the following facts, both as agreed upon and as shown by the certificate of the county chairman, to-wit:

"It is hereby agreed by and between the parties to this suit, that the plaintiff, Hugo Kott, is now and has been continuously for several years past a Republican and that at the time of making his application for his name to be placed upon the Democratic ballot for the July primary in the year 1912, he was a Republican and that he was a Republican prior to said time and that he has been a Republican continuously since before the making of said application up to the present, and is still a Republican and did not in any way or manner participate in the Democratic primary election held on July 27, 1912.

"That the said Hugo Kott has been postmaster at Lavernia, in Wilson County, Texas, continuously for a period of about six years next preceding this date and that he is now such postmaster.

"It is further agreed that the plaintiff Kott's name appeared upon the official ballot in the Democratic primary as a candidate for such office and at the primary election held on said date he received a plurality of the votes cast in said election for said office and a plurality of all votes was sufficient to nominate in said election.

"That the members of the Democratic executive committee did not know that the plaintiff, Hugo Kott, was a Republican at the time said committee placed his name upon the ballot to be used in the Democratic primary election."

The certificate of the chairman of the Democratic executive committee to the county clerk was as follows:

"Floresville, Texas, August 5, 1912.
"To the Hon. John McDaniel, County Clerk, Floresville, Texas.

"I, J. E. Dewees, chairman of the County Democratic Executive Committee of Wilson County, Texas, do hereby certify that at a Democratic primary election held in said county on the 27th day of July, 1912, as shown by the respective precinct returns of said primary election made to me, and heretofore on August 3rd, 1912, canvassed by the Democratic Executive Committee of Wilson County, Texas, that the following named candidates for the respective county and precinct offices in and for Wilson County, Texas, and in the several precincts thereof received the highest number of votes as candidates for the respectives offices to which they aspired; the names of the several candidates for the respective offices and the number of votes received by those successful being as follows, to-wit: * * *

For county commissioner, Precinct No. 3,
　　　W. T. Calloway received..............87 votes.
* * *

"I further certify that the Democratic Primary election was held in said county in accordance with the law; that the returns thereof were made in accordance with the law, and that the above and foregoing shows correctly the names of the candidates for the several

county and precinct offices in Wilson County, Texas, who received the highest number of votes for said offices, cast in said county and showing the total number of votes cast for each successful candidate for each nomination for county and precinct offices, and for county chairman of said Wilson County.

(Signed)    J. E. Dewees,

Chairman Democratic Executive Committee of Wilson County, Texas.''

Attest:

"R. H. Hill, Secretary."

"I hereby further certify in addition to the facts certified in the above and foregoing certificate that Hugo Kott, as candidate for the county commissioner of Precinct No. 3, received 102 votes, which is the highest number of votes received by any candidate for said position and that the Democratic executive committee refused to declare the said Kott to be the nominee of the Democratic party for said office for the reason that said Kott was a Republican and not a Democrat and did not participate in any way in the Democratic primary in which he was voted for, and for the further reason that he is now and has been since before the holding of said primary a Federal office holder, to-wit, postmaster at Lavernia, Texas."

(Signed)    J. E. Dewees,

Chairman Democratic Executive Committee of Wilson County, Texas.''

Attest:

"R. H. Hill, Secretary."

This proceeding is an action by J. E. Dewees, relator, against the said E. A. Stevens, respondent, upon a petition for a writ of mandamus to compel respondent to set aside and vacate the said order so entered by him in vacation. The petition having been presented to the writer in vacation a temporary order was made directing the respondent to suspend further execution of his order until the petition could be heard by a full court. At the time the temporary order was made the writer was not aware that the certificate of the county chairman anywhere stated that Kott had received a plurality of the votes cast at the primary election for the office of commissioner, or that his name was at all mentioned in the certificate. such portion of the certificate being separated or detached as it appeared in the exhibits to the petition for mandamus.

The separate or added portion of the certificate of the chairman must be taken as part of the certificate made to the county clerk, and for the reason that such certificate disclosed the fact that Kott was a candidate before the primary and that he had received a plurality of all the votes cast for the several candidates for the office of county commissioner for Precinct No. 3, the trial court had jurisdiction of the subject matter and his action was the determination of a legal question calling for the exercise of a judicial discretion, and therefore not subject to review by the process of mandamus. The neces-

sity for the exercise of judicial discretion arose out of the irregularity of the wording of the certificate.

Had the certificate of the county chairman shown without qualification that Callaway had received a plurality of the votes cast at the primary election Kott's remedy would have been a different one from that pursued, and a different question would have been presented by the present proceeding. But the certificate having shown that Kott received a plurality of the votes cast he was entitled to have a certificate of such fact free from all conditions as might have rendered the duty of the county clerk of doubtful execution.

We do not think it amiss to say that in view of the facts and circumstances of this case as disclosed by the record, Calloway is not without an efficacious remedy. It was one of the evident purposes of the primary election law to preserve to each political party its political integrity, and where a member of one party has by misrepresentation or silence caused his name to be placed on the primary ballot of another party and has defeated a member of such party the wrong may be righted by an action to contest the nomination, for which remedy ample provision has been made by the primary election laws of this State.

Because of the facts recited in the certificate made by the chairman to the county clerk, the writ of mandamus will be denied, and the restraining order heretofore made will be dissolved, and it is so ordered.