## LESLIE et al. v. GRIFFIN.
### No. 1394—5625.

Commission of Appeals of Texas, Section A.
March 26, 1930.

E. A. McDaniel, of McAllen, D. W. Glasscock, of Mercedes, Jas. A. Graham, of Brownsville, Jas. R. Dougherty, of Beeville, B. D. Tarlton, of Corpus Christi, and E. F. Smith, of Austin, for plaintiffs in error.

Ramsower & Seawell, of McAllen, Hart, Patterson & Hart, of Austin, B. D. Kimbrough, of McAllen, George G. Clough, of Houston, and Don A. Bliss, of San Antonio, for defendant in error.

HARVEY, P. J.

This is a proceeding instituted in the district court of Travis county by Gordon Griffin, the defendant in error, against Jane Y. McCallum, secretary of state, the county judge and county commissioners of Hidalgo county, J. E. Leslie, and others. In his petition the defendant in error alleged substantially the following facts:

The Ninety-Third judicial district of Texas is composed of Hidalgo county. At the general election of 1928, J. E. Leslie and the defendant in error were the opposing candidates for district judge of said district. The proper officials of each election precinct in the county duly made out and delivered to the proper county authorities the returns from their respective precincts. The commissioners' court of the county canvassed all the returns from the various precincts, except the Weslaco precinct, and estimated the result of said election from the returns so canvassed. From this canvass, it appeared that Leslie had received a majority of the votes cast. Had the returns from the Weslaco precinct been included in the canvass, the result would have been a majority for Griffin. The returns from the Weslaco precinct were alleged to be regular in every respect, and the commissioners' court is alleged to have unlawfully and arbitrarily failed and refused to include them in the canvass made by that court. The county judge of Hidalgo county, in due time, made up and transmitted returns to the secretary of state, which returns conform to the canvass and estimate made by the commissioners' court.

The defendant in error, in his petition, sought and was granted a temporary injunction restraining the secretary of state from opening and counting the returns which have been transmitted to her by said county judge. This temporary injunction was sought to be made perpetual. A mandatory injunction is also sought by the defendant in error, compelling the commissioners' court of Hidalgo county to recanvass and re-estimate the returns from the various election precincts of the county, including those from the Weslaco precinct, and compelling the county judge to transmit returns to the secretary of state in conformity with such recanvass and re-estimate, and compelling the secretary of state to open and count these new returns instead of those heretofore transmitted to her. Upon trial of the case, the defendant in error introduced proof to sustain the several fact allegations of his petition. The trial court peremptorily instructed the jury to return a verdict in favor of the defendant in error. The verdict being returned in accordance with this instruction, the trial court rendered judgment in favor of the defendant in error, granting the relief sought by him. The Court of Civil Appeals affirmed this judgment.

We have given only a rough outline of the case. It is thought that this is sufficient for present purposes. We refer to the opinion of the Court of Civil Appeals [23 S.W.(2d) 535] for a more detailed statement of the issues and the contentions of counsel, if such be desired.

The paramount question in this case goes to the power of the trial court to entertain the complaint of the defendant in error and to grant the relief sought. It is no longer an open question in this state that an election is essentially the exercise of political power, and, during its progress, is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its completion. The making and canvassing of the returns, by the appointed functionaries, constitute an integral part of the election, without which the election would be incomplete; and courts are powerless to control the proceeding. City of Dallas v. Ry. Co., 105 Tex. 337, 148 S. W. 292; Winder v. King (Tex. Com. App.) 1 S.W.(2d) 587.

The manner of making and canvassing the returns of an election for district judge, at successive stages of the election, is regulated by the statutes. The mode of procedure, by which the returns ultimately reach the office of the secretary of state, is prescribed; and the various functionaries to conduct the proceeding at successive stages are designated. At no stage of the proceeding, prior to the canvass of the returns, by the secretary of state, as provided by article 3034 of the statutes, is the election complete. There cannot be found, either in the Constitution or in the statutes, any provision which gives any court, prior to the completion of the election, the authority to inquire as to the correctness or regularity of returns which have been made by the proper functionaries. It is understood by everyone, of course, that courts are clothed with the authority to enforce private rights; but no citizen, even though he be a candidate in the election, is given a private right to contest the returns made by the proper officials until after the election is completed. The instant case is essentially a proceeding having for its object a contest of the returns of an uncompleted election.

The defendant in error insists that the Supreme Court was without jurisdiction to grant the writ of error herein. He bases this contention on the provisions of article 1821, which declare that the judgments of Courts of Civil Appeals shall be final in "all cases of contested elections of every character other than for state officers."

It has been held that the quoted statutory provision embraces every kind and character of proceeding by which elections are

822

sought to be contested in the courts of the state. State v. Thompson, 88 Tex. 228, 30 S. W. 1046. It is not to be supposed, however, that the Legislature, in enacting this statute, had in contemplation a case such as this, which is unauthorized by law and which trial courts have no authority to entertain. The statute has no application to a case in which an election cannot, in any event, be lawfully contested.

■■ The trial court, in hearing the complaint of the defendant in error, and in rendering judgment granting the relief it did, assumed powers which the court did not possess. The proceedings and the judgment rendered herein are void; and the Supreme Court has jurisdiction, on appeal, to declare them so, and to set them aside. Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Roy v. Whitaker (Tex. Civ. App.) 50 S. W. 498; Gray v. Maddox, 5 Tex. 528; 3 Tex. Jur. p. 130.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed, and that these proceedings be dismissed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause dismissed, as recommended by the Commission of Appeals.