**McLEMORE et al. v. STANFORD et al.**

**No. 13513.**

Court of Civil Appeals of Texas. Dallas.

Dec. 24, 1943.

Wynne & Wynne, of Wills Point, for appellants.

Pollard & Lawrence, of Tyler, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment of the District Court of Van Zandt County, Texas, upholding the validity of an election held for consolidation of Emerson Common School District No. 77 with Martin's Mill Independent School District No. 75, based upon alleged irregularities in calling the election, posting of notices, and the order of the Commissioners' Court declaring the result.

The record shows that on December 8, 1942, two petitions were presented to the County Judge of Van Zandt County, one from the Emerson District, purportedly signed by 21 qualified voters, reciting that they were a majority of the voters of that District; and the other from Martin's Mill District, signed by 23 voters, each calling for the election in their respective Districts to determine the will of the voters for consolidation. When the petitions were presented, the County Judge determined their sufficiency, ordered the elections held on December 31, 1942, directed notices to be posted, and nominated officers to hold the elections and make necessary returns to the Commissioners' Court. On the date ordered, the elections were had in the two Districts and returns made by the election officers, as directed by order of the County Judge, showing that in the Emerson Dis-

trict, 8 votes were cast for and none against consolidation; and in the Martin's Mill District, 33 votes were cast for and none against consolidation.

On January 6, 1943, the Commissioners' Court met to canvass the election returns, and made the following order (eliminating immaterial recitals): "After the examination of many witnesses and a thorough review of the laws and Constitution of the State of Texas, the Court finds that said election was held on the 31st day of December, 1942, in the Emerson Common School District No. 77 and Martin's Mill Independent School District No. 75, * * * to see whether the above named school districts should be consolidated for school purposes or not. It is found that the petition as presented to the County Judge, requesting the call of an election, failed to bear the signature of 20, or a majority of the legally qualified property taxpaying voters of said Emerson School District; and it is further found that 2 of the 3 Emerson School Trustees failed to have notice of said election, and that a majority of the said legally qualified tax-paying voters of said Emerson Common School District did not have notice of said election; and it is further found there were not sufficient names on said petition who were residents of said Emerson Common School District. It is further found that said petition was presented to the County Judge on the 8th day of December, A. D. 1942, and that all of said proceedings are continuous up to and including the canvassing of said returns. It is therefore ordered, adjudged and declared, that Emerson Common School District No. 77, and Martin's Mill Independent School District No. 75, both being located in Van Zandt County, Texas, be from this day continued without consolidation for any purpose as to school matters whatsoever. This order passed upon the findings of the Court after thorough examination, and after finding that said election was not held in accordance with the laws and Constitution of the State of Texas."

Then on February 5, 1943, the Commissioners' Court passed another order detailing the date, place and purpose of the election as in the first order, and reciting: "And it appearing that on January 6, 1943, the Commissioners' Court of Van Zandt County, as such, and the County Judge as such, attempted to refuse to canvass said election returns, but after thorough investigation and due consideration, the County Judge, in his official capacity, and the Commissioners' Court were thoroughly aware of the fact that there were not 20 legally qualified voters of the Emerson Common School District No. 77 who signed the petition, but the Commissioners' Court has definitely found that a majority of the legally qualified voters of said Emerson Common School District No. 77 did sign the petition, and has found the votes to be as follows: For consolidation, 8 votes; against consolidation 0 votes. Majority for consolidation 8 votes. * * * and it appearing to the court from said returns that the majority of the qualified voters of said District voted in said election, and voted for consolidation, and the court does hereby declare the proposition adopted, and that said Emerson Common School District No. 77 is consolidated with Martin's Mill Independent School District No. 75. It is therefore ordered, adjudged and decreed by the Commissioners' Court of Van Zandt County, Texas, that said above named districts be consolidated from this day hence for school purposes. This order passed upon the findings of the court after thorough examination and after finding that said election was held and returned in accordance with the laws of the State of Texas."; and a similar order was passed, canvassing the returns of the election held in Martin's Mill School District, showing and declaring the result, "For consolidation, 33 votes; against consolidation 0 votes; majority for consolidation 33 votes."

On February 26, 1943, appellants, as trustees and qualified property taxpaying voters of Emerson School District, filed this suit in the District Court as contestants of the election, vouching into the suit appellee Paul H. Stanford, County Attorney of Van Zandt County. Martin's Mill Independent School District, by its school trustees, intervened as contestees. On trial to the court without a jury, judgment was rendered for contestees; contestants appeal.

Article 2806, R.S.1925, as amended by Acts 1931, Vernon's Ann.Civ.St. art. 2806, provides for elections to consolidate common school districts, upon petition of twenty, or majority of the legally qualified voters of each district, and the county judge shall issue an order for the elections and give notice of the date thereof by publication, or by posting, or by both such posting and publication. The statute further provides that, after such election, the

Commissioners' Court shall, "at its next meeting, canvass the returns of such elections, and if the votes cast in each and all districts show a majority in each district voting separately in favor of such consolidation, the Court shall declare the school districts consolidated." It will be seen that the County Judge to whom petitions are presented for the elections shall determine their sufficiency, order the elections in accordance therewith, and post the necessary notices; and that the Commissioners' Court shall canvass the returns of such elections, declare the result, and make orders consolidating the districts upon the returns showing favorable majority of all votes cast in each of such districts for consolidation. The county judge and Commissioners' Court, by statute, are given express, independent duties to perform, and neither has any other power, functions or duties than those named in relation to such elections; each is vested with quasi judicial power—the judge judicially determines whether the petition is sufficient to call the election and the Commissioners' Court judicially determines the genuineness of the election returns; and each is also vested with ministerial functions and duties—the judge, after determining the sufficiency of the petition, orders the election and posts the notices, and the Commissioners' Court, as a canvassing board limited to mechanical and mathematical functions, ascertains and declares the apparent result of the election by adding or compiling the votes in each of the districts, as shown on the face of the returns, and from such returns, declares the result. Where there is no question as to the genuineness of the returns, neither the county judge nor the Commissioners' Court has power to set aside the election and refuse to declare the result because of any irregularities. Matters affecting the regularity in calling for an election, posting of notices, qualifications of voters, and the returns, are not decided by the Commissioners' Court. 20 C.J. p. 200, § 255; 29 C.J.S., Elections, § 237; Ferguson v. Huggins, 122 Tex. 95, 52 S.W.2d 904.

■ Appellants contend, aside from alleged irregularities in calling the election, that the Commissioners' Court was without power to set aside its order of January 6 by the subsequent order of February 5. It will be observed that in the January order, no canvass of the returns of the elections was made by the Commissioners' Court, and the Court did not declare the result of such elections. Manifestly they did not perform the functions and duties entrusted to them by statute, but on the contrary, attempted to adjudicate matters expressly conferred upon another judicial tribunal; hence the order was void, and its invalidity imputed to contestants. Therefore, the February order showing canvass of the returns, declaring the result, and ordering the consolidation of the two school districts, was the only effective order. Clearly, the Commissioners' Court was within its jurisdiction in setting aside the void order of January 6 and making the valid order of February 5; they had no other power, function, or duty than that expressed in the last order.

■ Contestants further urge the invalidity of the election because the petition from the Emerson School District was not signed by the required number of resident qualified voters of the district, and that no notice of the election was posted as required by law. We overrule the assignments. The petition shows on its face that it was signed by 21 qualified voters of the district, "being a majority thereof"; it was filed with the County Judge on December 8, 1942, and the County Judge then determined the sufficiency of the petition, made and entered the order calling for the election and posting of notices in the manner required by Art. 2806, supra. It was clearly within the exclusive province of the County Judge to ascertain the facts recited in the petition and make the order; hence, in the absence of contest before the election, the preliminary matters incident to the call became final.

■ The statute, Art. 2806, supra, directs county judges to post notices of elections to consolidate school districts. Ordinarily, sheriffs or constables are called upon to perform such duties, and make returns showing how and when the same were executed (Art. 2950, R.S.). But where the time and place for the election is fixed by order of the county judge, the election has been held, and the electors have had notice—or notices had been posted at the proper time and place—the want of such posting by the sheriff or constable will not render the election void. The posting of notices is merely a ministerial act, the primary purpose being to afford the qualified voters an opportunity to express their will on the propositions submitted at the time and place designated.

■ It is evident from the record here that one Mr. Anderson, Superintendent of

Schools in the Martin's Mill District, posted the notices of the election and made returns under oath, attested by the County Judge, showing that the notices were duly posted. The returns were accepted by the County Judge and duly recorded in the minutes of the Commissioners' Court, thus are prima facie evidence of proper posting; and the party making the returns was entrusted by the County Judge with that duty. Aside from such prima facie showing, there was testimony to the effect that the notices were posted; therefore, the court below was warranted in holding against contestants.

We have considered all points raised on the appeal, and finding no error, the judgment of the court below is affirmed.

Affirmed.