**Mrs. J. W. SHELOR et al., Appellants,**

v.

**COMMISSIONERS COURT OF HARRIS COUNTY, Appellee.**

No. 15824.

Court of Civil Appeals of Texas.

Fort Worth.

June 14, 1957.

Rehearing Denied July 12, 1957.

**154**

Ernest A. Knipp, Houston, for appellant.

Joe Resweber, County Atty., and W. R. Ellis, Asst. County Atty., Houston, for appellee.

BOYD, Justice.

Appellants Mrs. J. W. Shelor, J. V. Cardiff, and G. W. Butler duly filed with the County Judge their applications to have their names placed on the ballot as candidates for County School Trustees for Harris County in an election held on the first Saturday in May, 1955; there were three places to be filled; appellants were the only candidates; they sued appellees, the County Judge and County Commissioners of Harris County, praying for a writ of mandamus requiring appellees to canvass the returns and declare the result of the election; after service was had upon appellees, and on July 5, 1955, the Commissioners Court met and entered an order reciting that seventy-five per cent of the voters of Harris County were denied the right to vote at the election; that no election for County School Trustees was held in the Houston Independent School District or in the Alief Independent School District; that "after full consideration of all the facts and circumstances relating to said election, (the Court) finds it impossible to properly and fairly canvass the returns and declare the results of said election;" and

that "It is therefore Ordered that after canvassing of said partial returns, no results be declared as to said election." Appellants amended their petition and prayed for a writ of mandamus, and in the alternative that the court revise and correct said order of the Commissioners Court and declare the true result of said election. A jury was waived and judgment was rendered for appellees.

The court filed findings of fact and conclusions of law. It was found that: the election was required to be a county-wide election; there was no election held in the Houston Independent School District or in the Alief Independent School District; 195 of the election precincts of the County are located in said districts; the election was held in all the other school districts; the County Judge did not call the election; the Commissioners Court on July 5, 1955, entered an order canvassing the returns "as far as they were able to do with the partial county returns submitted;" by reason of the partial returns, the Commissioners Court was not able to declare a "conclusive result"; in all of the districts holding the election due returns were made to the County Clerk; they were duly tabulated by the County Clerk and submitted to the Commissioners Court; the returns showed that appellant Butler as a candidate from Precinct No. 1 received 1,445 votes; appellant Mrs. Shelor as a candidate at large received 4,641 votes; and appellant Cardiff as a candidate at large received 5,037 votes; no other person received any votes; the order entered July 5, 1955, was the only order entered by the Commissioners Court in connection with the election; it was entered without notice to appellants, and without hearing any evidence; it was entered because this suit was filed; no person on the day of the election or since has made any complaint of any character in connection with the holding of the election; the election was held by each school district holding it without reference to voting precinct lines, and each made its returns to the Clerk; there was no dispute as to the num-

ber of votes cast or for whom they were cast.

The trial court concluded that: the election was incomplete; mandamus would not lie where a canvassing order of some character had been entered; the suit was an attempt to interfere with the political power of the people; said order of the Commissioners Court was substantially a statutory canvassing order; the court had no jurisdiction to compel a recanvass; no results were declared because of the disfranchisement of the great majority of the voters; and the election was void.

The applicable statute, Vernon's Ann.Civ. St., Election Code, Art. 8.34, provides that "On the Monday next following the day of election or sooner, the Commissioners Court shall open the election returns and canvass the result, recording the state of the polls in each precinct in a book to be kept for that purpose; provided, that, in the event of a failure from any cause of the Commissioners Court to convene on the Monday following the election to compute the votes, then said court shall be convened for that purpose upon the earliest day practicable thereafter." No point is made that the canvassing board is not required to "declare the result," although such words are not in the Article. From 1883 until the enactment of Article 8.34 in 1951, the statutory direction was the same except it was to "estimate" instead of to "canvass" the result. Acts 1883, p. 50, Laws of Texas, vol. 9, p. 357; Rev.St.1895, Art. 1753; Rev.St. 1911, Art. 3030; Rev.St.1925, Art. 3030. The duty of the canvassing board has been construed to mean to "canvass" the vote and to "declare" the result. Ewing v. Duncan, 81 Tex. 230, 16 S.W. 1000; Dean v. State ex rel. Bailey, 88 Tex. 290, 30 S.W. 1047, 31 S.W. 185; City of Dallas v. Dallas Consolidated Electric St. Ry. Co., 105 Tex. 337, 148 S.W. 292; Winder v. King, Tex. Com.App., 1 S.W.2d 587; Williams v. Sorrell, Tex.Civ.App., 71 S.W.2d 944. Indeed, appellees' order recited that "came on to be considered the canvassing of the returns and declared the results of the election."

■ We think the law is that a court cannot require a canvassing board to act where a matter of their discretion is involved, but where the duty is ministerial, action may be compelled. Dewees v. Stevens, 105 Tex. 356, 150 S.W. 589; Lueders v. Ehlinger, Tex.Civ.App., 31 S.W. 2d 1099; Williams v. Sorrell, supra; Dean v. State ex rel. Bailey, supra.

In Dean v. State ex rel. Bailey, supra [30 S.W. 1048], it was said: "The action of the canvassing board is a part of the election machinery, and is practically necessary in most cases in order that the result may be made known. But it is not a part of the election itself. The election is complete without it, though the result may not be definitely known. * * * It is the plain and imperative duty of the commissioners' court to canvass the vote and declare the result, and, should they refuse, they may be compelled to perform that duty."

In Williams v. Sorrell, supra, a mandamus was granted by the trial court to require directors of a water improvement district to canvass the returns and declare the result of an election for directors. In reversing the judgment because of insufficient evidence, the court said: "The judgment in the case at bar does not attempt to control the board in the exercise of its political and discretionary powers in canvassing and declaring the result of this election, but merely requires that some action be taken, and if petitioners had discharged the burden resting upon them of sustaining the allegations in their petition with evidence produced upon the hearing, the judgment of the trial court would have been entirely proper." [71 S.W.2d 946.]

Appellees cite Leslie v. Griffin, Tex.Com. App., 25 S.W.2d 820, by the Commission of Appeals, where it was held that the Secretary of State could not be restrained from opening and counting the returns transmitted by the County Judge in an election for District Judge, and that the Commissioners Court could not be required to recanvass and reestimate the returns by including

those from a precinct which the Commissioners Court had theretofore refused to include, because the returns to the County Judge had not been sealed. It was held that the election was not complete and that the court was powerless to interfere. Two cases are cited in the opinion, one seeking to enjoin a canvass of returns and one seeking to enjoin an election. We notice that the opinion was not adopted and its holding was not approved by the Supreme Court.

In commenting on the opinion in Leslie v. Griffin, supra, the court, in Lueders v. Ehlinger, Tex.Civ.App., 31 S.W.2d 1099, 1100, said: "We do not construe the opinion as denying to the courts power to compel a purely ministerial act on the part of election officials, where refusal so to perform invades private rights."

 Only a court, not a canvassing board, may declare an election void. Burks v. State, 51 Tex.Cr.R. 637, 103 S.W. 850; Clarey v. Hurst, Tex.Civ.App., 136 S.W. 840; Stephens v. Dodds, Tex.Civ.App., 243 S.W. 710; Galvin v. Taylor, 184 Ind. 736, 112 N.E. 513. Although appellees did not, by express language, declare the election void, they did refuse to record the result, without which record "the result may not be definitely known," according to Dean v. State ex rel. Bailey, supra, and "without which the election would be incomplete," according to Leslie v. Griffin, supra [25 S.W.2d 821]. If appellants have no remedy, not only are their rights rendered nugatory, but the will of the people as expressed in the election is set at naught by the refusal of the board to perform its duty.

Recording the state of the polls in each precinct is a ministerial duty and not a matter of discretion. Whether the people who voted had the right to vote, or to vote as they did, is not a question addressed to the discretion of the canvassing board. Their discretion is not involved when they enter a field where they are powerless to act at all. The statute requires that they open the returns, canvass the result, and record the state of the polls in each precinct. Presumably they opened the returns, for they say they canvassed them; but they refused to record what the canvass revealed.

The fact that the County Judge failed to call the election is immaterial. It is not questioned that the election was held in nineteen of the twenty-one school districts on the day appointed by law and at proper places, that the election was honestly and fairly held, or that the will of those who participated can be readily ascertained. Deaver v. State ex rel. Tripp, 27 Tex.Civ. App. 453, 66 S.W. 256; Buchanan v. Graham, 36 Tex.Civ.App. 468, 81 S.W. 1237.

The judgment of the trial court is reversed, and judgment is here rendered that the writ of mandamus issue as prayed for by appellants.