Ben Z. GRANT, Relator,

v.

Jim AMMERMAN et al., Respondents.

No. B–1222.

Supreme Court of Texas.

Feb. 5, 1969.

Rehearing Denied March 14, 1969.

**548**

Ray & Kirkpatrick, C. L. Ray, Jr., Marshall, for relator.

Smith, Hall & Huffman, William M. Huffman and Sam B. Hall, Jr., Marshall, for respondents.

POPE, Justice.

This is an original mandamus action. Relator, Ben Z. Grant, sued Jim Ammerman, the County Judge of Harrison County, and the four county commissioners of that county. He asks this court to order respondents to (1) canvass the votes cast in the 1968 general election for the office of Justice of the Peace, Place 1, Justice Precinct 5, of Harrison County and declare and certify the result; and (2) order the reinstatement of the office of Place 1, Jus-

tice Precinct 5 of Harrison County, which the commissioners court had ordered abolished.

On April 12, 1968, William Lane, who was the incumbent Justice of the Peace for Place 1, Precinct 5, resigned from his office. He had applied for a place on the ballot for the general primary as a candidate of the Democratic Party for nomination for re-election, and his name remained on the ballot in the May 1968 primary. He received the nomination of the Democratic Party for the office, and Donald M. Stevens received the nomination for the Republican Party. On June 18, 1968 the commissioners court entered its order abolishing the office. On October 1, the Harrison County Democratic Executive Committee named the relator, Grant, as the Democratic candidate in place of Lane, who had declined the Democratic nomination for the office. On October 10 the Republican nominee, Donald Stevens, sought a writ of mandamus in the Court of Civil Appeals for the Sixth Supreme Judicial District to compel the removal of relator's name from the general election ballot. The writ was denied. Stevens v. Link, 433 S.W.2d 779 (Tex.Civ.App.1968). Relator's and Stevens' names appeared on the ballot for the general election, and relator asserts that he received a majority of the votes cast. The commissioners court refused to canvass the votes, reasoning that the June 18 order of the commissioners court had abolished the office.

The first question presented is whether this court should order the commissioners court to canvass the votes and declare the winner. This court has original mandamus jurisdiction to compel the performance of duties imposed upon the commissioners court in connection with the holding of a general election by reason of Article 1735a, Vern.Ann.Tex.Stats. which provides:

"The Supreme Court * * * shall have jurisdiction and authority to issue the writ of mandamus, or any other

mandatory or compulsory writ or process, against any public officer or officer of a political party, or any judge or clerk of an election, to compel the performance, in accordance with the laws of this state of any duty imposed upon them, respectively, by law, in connection with the holding of any general, special, or primary election or any convention of a political party. * * *."

The canvassing of votes is a part of the election procedure and is necessary to the determination of the result. "It is an integral part of the election itself, without which the election is a vain proceeding * * *." City of Dallas v. Dallas Consolidated Electric St. Ry. Co., 105 Tex. 337, 148 S.W. 292 (1912). The Election Code constitutes the commissioners court the canvassing board whose duties are expressed in these provisions:

Art. 8.29a. "* * *

"Unless otherwise provided by law, the returns of all elections held at the expense of the county shall be canvassed by the Commissioners Court, and the copy of the precinct returns and accompanying records for use in the official canvass shall be delivered to the county judge. * * *."

Art. 8.34. "On the Monday next following the day of election or sooner, the Commissioners Court shall open the election returns and canvass the result, recording the state of the polls in each precinct in a book to be kept for that purpose; provided, that, in the event of a failure from any cause of the Commissioners Court to convene on the Monday following the election to compute the votes, then said court shall be convened for that purpose upon the earliest day practicable thereafter."

Canvassing the votes of an election is a ministerial function. Ferguson v. Huggins, 122 Tex. 95, 52 S.W.2d 904 (1932); Dewees v. Stevens, 105 Tex. 356,

150 S.W. 589 (1912); Dean v. State ex rel. Bailey, 88 Tex. 290, 30 S.W. 1047, 31 S.W. 185 (1895); Shelor v. Commissioners Court of Harris County, 304 S.W.2d 153, (Tex.Civ.App.1957); 29 C.J.S. Elections § 237(1). We conclude, therefore, that a writ of mandamus ordering the canvass of election returns and declaring the results of the election is a proper remedy.

The canvassing board refused to canvass the returns, because in its judgment, there was no office for which the election had been held. Whether the office was in existence or has been abolished was and is a disputed question. Harrison County, for a number of years, had two justices of the peace who served Precinct 5. Article 5, Section 18 of the Texas Constitution, Vernon's Ann.St., provides that in any justice precinct in which there may be a city of 8,000 or more inhabitants, "there shall be elected two Justices of the Peace." The same article and section of the Constitution authorizes the division of counties into justice precincts, not less than four nor more than eight, for the convenience of the people. The City of Marshall has considerably more than 8,000 inhabitants, and at one time the city was solely within the boundaries of Precinct 5. The county has not changed the precinct boundaries for a long period of time, but the city has expanded by the annexation of additional territory so that parts of the city are now located in and are served by Justice Precincts 1 and 3, as well as 5.

On June 18, 1968, the Harrison County Commissioners Court after determining that Place 1, Justice Precinct 5 was not justified for the convenience of the people, ordered the abolition of Place 1. The canvassing board did not canvass the votes because it concluded there was no office in being, notwithstanding the fact that the election officials included the names of two candidates for the office on the ballot. Relator says that the Texas Constitution requires two places in Precinct 5, the office was not legally abolished, the election officials included the names of candidates

for the office, and the canvassing board was *without the power to decide the disputed judicial question concerning the validity or invalidity of the commissioners court order of June 18, 1968. The canvassing board undertook to decide this dispute, concluding that the order was a valid one.

The members of the commissioners court, sitting as a canvassing board, did not have the power to go behind the election returns. It has been held that a canvassing board may not pass judgment upon the qualifications of the voters, may not pass judgment upon the regularity of an election call, may not declare an election void, and may not supplant statutory procedures for the contest of an election. Shelor v. Commissioners Court of Harrison County, supra; McLemore v. Stanford, 176 S.W.2d 770 (Tex.Civ.App.1943); Williams v. Sorrell, 71 S.W.2d 944 (Tex.Civ.App.1934); Leslie v. Griffin, 23 S.W.2d 535 (Tex.Civ.App.1929, rev'd on other grounds, 25 S.W.2d 820 Comm.App.1930); Stephens v. Dodds, 243 S.W. 710 (Tex.Civ.App.1922). We conclude that the relator is entitled to a writ of mandamus ordering respondents to canvass the returns and declare the result of the election.

Relator next urges that this court should order the commissioners court to reinstate the office of Place 1, Justice Precinct 5. Article 1735a is special statutory authorization for this court's exercise of its mandamus powers in election matters; but the Commissioners Court of Harrison County, in making its June 18 order to abolish Place 1, Justice Precinct 5, was not acting under the election laws of Texas. It was acting as the governing body of the county. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922). The order is one which must be accorded the same consideration as the judgments of other

courts. Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4 (1937); Ashburn Brothers v. Edwards County, 58 S.W.2d 71 (Comm.App.1931). It was an order that is reviewable by the district court in the exercise of its general supervisory control over the orders of the commissioners court. Article 5, § 8, Tex.Const.; Article 1908, Vern.Ann.Tex.Stats. Relator may seek relief in the district court. Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324 (1956); Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162 (1918); Burgeois v. Miller, 60 Tex. 76 (1883); J. R. Phillips Investment Co. v. Road District No. 18 of Limestone County, 172 S.W.2d 707 (Tex.Civ.App.1943, writ ref.); Rodriguez v. Vera, 249 S.W.2d 689, 692 (Tex.Civ.App.1952).

Since relator has an adequate remedy in the district court to challenge the order abolishing the office of Place 1, Justice Precinct 5, he should invoke that court's jurisdiction. Brazos River Conservation and Reclamation Dist. v. Belcher, 139 Tex. 368, 163 S.W.2d 183 (1942); Glenn v. Milam, 114 Tex. 160, 263 S.W. 900 (1924); Matthaei v. Clark, 110 Tex. 114, 216 S.W. 856 (1920).

We grant relator's prayer for a writ of mandamus to compel the Commissioners Court of Harrison County as the canvassing board, to canvass the result of the election for Place 1, Justice Precinct 5 in the general election conducted on November 5, 1968, and to declare and certify the result. We deny the prayer for writ of mandamus to compel the commissioners court to reinstate the office of Justice of the Peace, Place 1, Justice Precinct 5 of Harrison County. We assume the respondents will proceed to canvass the returns and declare the result of the election. Writ of mandamus will issue only if they refuse to do so.

McGEE, J., not sitting.