

# The Attorney General of Texas

July 10, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Lynn Ingalsbe
Criminal District Attorney
Taylor County Courthouse
Abilene, Texas 79602

Opinion No. H-1207

Re: Whether canvassing board
may order recount of ballots
in local option election.

Dear Mr. Ingalsbe:

At the instance of the Commissioners Court of Taylor County sitting as a canvassing board, you request our opinion concerning whether the canvassing board has authority to order a recount of the ballots in a recent local option election in which paper ballots were used.

The Commissioners Court met as a canvassing board under section 251.51 of the Alcoholic Beverage Code. A group of citizens requested a recount of ballots at that time. Your office advised the board that neither the Election Code nor the Alcoholic Beverage Code authorized the board to order a recount. In your brief of the law submitted with your request as required under article 4399, V.T.C.S., you conclude that there is no legal authority for the commissioners court sitting as a canvassing board of such an election to recount the ballots.

Upon receipt of your request we referred the question to the Secretary of State. Article 1.03 of the Election Code designates him the chief election officer of the State, and gives him the responsibility of insuring the uniform interpretation and application of the election laws. See Attorney General Opinion H-407 (1974) (establishing policy of referral of election law questions to Secretary of State).

The Secretary of State has advised us by his letter of June 30, 1978, that in his opinion there is no legal authority for the commissioners court sitting as a canvassing board of such an election to recount the ballots.

As you and the Secretary of State conclude, the law is clear that the canvassing board has no power to order a recount.  The board's only authority in this election is to ascertain that the papers submitted as election returns are in the correct form and properly authenticated by the proper officers, and to compile the votes shown on the face of the returns and declare and certify the result ascertained.

In Ferguson v. Huggins, 52 S.W. 904 (Tex. 1932), the Texas Supreme Court discussed the limited powers and duties of a canvassing board and quoted authority for certain "elementary rules of law" as follows, at pp. 905-906:

> 'It is settled beyond controversy that canvassers cannot go behind the returns.  The returns provided for by law are the sole and exclusive evidence from which a canvassing board or official can ascertain and declare the result. . . .'

> The authorities likewise hold that, in the absence of a statute conferring it, a board of canvassers has neither express nor implied power to recount the ballots. . . .

The supreme court reiterated these elementary rules of law in Grant v. Ammerman, 437 S.W.2d 547 (Tex. 1969).  The court held that canvassing the votes of an election is a ministerial function and that in the case before them, the commissioners court sitting as a canvassing board "did not have the power to go behind the election returns."  The court said it has been held that a canvassing board "may not supplant statutory procedures for the contest of an election."  Id. at 549-550.

There is no statute in either the Election Code or the Alcoholic Beverage Code which authorizes the commissioners court to conduct a recount in a local option election conducted with paper ballots.  A district judge may order a recount upon petition of 25 voters when an electronic voting system is used.  Elec. Code art. 7.15.  A "recheck and comparison of the results" in the presence of a district judge and the county judge may be requested when voting machines are used.  Elec. Code art. 7.14, §§ 19, 19a.  A recount at the request and expense of a candidate is authorized when paper ballots are used in an election for a public office.  Elec. Code art. 9.38a.  Each of these statutes sets out elaborate procedures specifying who may request a recount or the number of voters required to request it, to whom and when the request must be made, the grounds for a request, and how the costs involved are to be paid.  The procedures differ substantially among the several

provisions. None is applicable to the type of election before us. While the law may be inconsistent or incomplete in this regard, such arguments are properly addressed to the legislature. They have no bearing on what the law is at this time.

We concur with the legal conclusion reached by you and by the Secretary of State. In our opinion it is clear that there is no statutory authority for the commissioners court sitting as a canvassing board under section 251.51 of the Alcoholic Beverage Code to order a recount of the ballots in this local option election. An election such as this may be contested in the manner set out in article 251.55 of the Alcoholic Beverage Code after the results are declared by the canvassing board. Ellis v. Vanderslice, 486 S.W.2d 155 (Tex. Civ. App. — Dallas 1972, no writ). See also Elec. Code, ch. 9.

## SUMMARY

The commissioners court, sitting as canvassing board under section 251.51 of the Alcoholic Beverage Code, has no legal authority to order a recount of paper ballots in a local option election.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn