ACCEPTED
15-24-00077-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/24/2025 3:56 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

2/24/2025 3:56:34 PM

CHRISTOPHER A. PRINE
Clerk



**City of Austin**

# Law Department

City Hall, 301 West 2nd Street, P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2268

Writer's Direct Line
(512) 974-2346

Writer's Email
hannah.vahl@austintexas.gov

February 24, 2025

**VIA ELECTRONIC FILING TO**:
Christopher A. Prine
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, TX 78701

RE: Post-argument letter brief in *The State of Texas v. City of Austin* et al, Cause No. 15-24-00077-CV

Dear Mr. Prine:

I write to respond to the State's February 13, 2025 letter brief.

The State's cited cases do not support its conclusion that it would be appropriate for a court to order a legislative body to repeal a law, even one deemed unconstitutional. The State has not responded to the contention that such relief is barred by separation-of-powers principles. Instead, it cites cases that show that if a referendum petition *to repeal an ordinance* complies with city charter requirements, the city council must either repeal the ordinance at issue or call an election on that repeal. *In re Woodfill*, 470 S.W.3d 473 (Tex. 2015); *In re Williams*, 470 S.W.3d 470 S.W.3d 819 (Tex. 2015). Those cases do not show that it is within the judicial power to order repeal of a law, beyond simply declaring some or part of a law unconstitutional or otherwise void.

Rather than help its cause, the State's cases hurt it. They reiterate that (1) "the power of . . . referendum . . . is the exercise by the people of a power reserved to them[,]" *In re Woodfill*, 470 S.W.3d at 475 (internal quotation omitted); (2) once charter referendum requirements are met, a city council has a ministerial duty either to adopt the referendum itself or submit it to popular vote, *id.* at 478; and (3) mandamus is available to compel the performance of any duty imposed by law in connection with the holding of an election, *e.g.*, *id.* at 481 (citing Tex. Elec. Code § 273.061)

Those same principles show why the State's preemption and *ultra vires* claims fail. The "preempting" statute, Section 370.003, purportedly prevents the governing body of a municipality or a municipal police department from adopting a policy under which the entity will not "fully

enforce all laws relating to drugs." But it does not say that any such policy would therefore be void or unenforceable; it only says that such a policy may not be *adopted*. Yet the governing body of the municipality did not adopt the ordinance at issue; instead, the voters did. All City Council did was perform its ministerial duty of calling the election and canvassing the vote. *E.g.*, *Grant v. Ammerman*, 437 S.W.2d 547, 549 (Tex. 1969) ("Canvassing the votes of an election is a ministerial function."). If such a policy could not be adopted, the State should have sued to stop the adoption. But there, too, would be a procedural problem, as courts cannot generally stop an election or the canvassing of a vote, which is an integral part of an election. *E.g.*, *City of Austin v. Thompson*, 219 S.W.2d 57, 60 (Tex. 1949) ("The courts of this state have no jurisdiction to interfere with the political rights of the people to hold an election, and by holding the election is meant every step pertaining thereto, including the declaring of the result. This rule obtains even though the election called and held is void.") (internal quotation omitted). Section 370.003's language is ineffective to preempt the kind of citizen-initiated ordinance at issue in this case.

Very truly yours,

*/s/ Hannah M. Vahl*
Hannah M. Vahl

cc:     counsel of record

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Briana Nicholson on behalf of Hannah Vahl
Bar No. 24082377
briana.nicholson@austintexas.gov
Envelope ID: 97732541
Filing Code Description: Letter
Filing Description: Post-argument letter brief
Status as of 2/24/2025 4:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Briana Nicholson | | briana.nicholson@austintexas.gov | 2/24/2025 3:56:34 PM | SENT |
| Sara Schaefer | 24086598 | sara.schaefer@austintexas.gov | 2/24/2025 3:56:34 PM | SENT |
| Hannah Vahl | | hannah.vahl@austintexas.gov | 2/24/2025 3:56:34 PM | SENT |
| Jessica Martinez | | jessica.martinez4@austintexas.gov | 2/24/2025 3:56:34 PM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 2/24/2025 3:56:34 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 2/24/2025 3:56:34 PM | SENT |