### HILL et al. v. DOFFLEMYER et al.
### No. 7613.

Court of Civil Appeals of Texas. Austin.
June 17, 1931.

Rehearing Denied July 8, 1931.

G. A. Walters, of San Saba, for appellants.

J. Edward Johnson, of Brownwood, and J. Mitch Johnson and Carlos C. Ashley, both of San Saba, for appellees.

McCLENDON, C. J.

Appellees, Dofflemyer and Norris (relators below and candidates respectively for the positions of county chairman and precinct No. 1 chairman in the Republican Party election held in San Saba county, on July 26, 1930) sued Hill, county chairman, and the members of the county executive committee of said party in said county (respondents below) for mandamus to compel Hill to account to the executive committee for the returns from the voting box in precinct No. 1, and to compel the members of the executive committee to canvass said returns and certify the result thereof to the county clerk of San Saba county. From a judgment awarding the mandamus, the respondents have appealed.

The pertinent facts shown by the record follow: Elections were held in only three of the county precincts, Nos. 1, 11, and 21. The returns of precinct No. 1 were placed inside the ballot box, which was locked, with the key left in the lock, and in this condition was delivered shortly after the polls closed by the election officers to Hill, who kept the box in his possession until the following Monday, without opening it, when he delivered it in the same condition to the county clerk. When the county executive committee met the following Saturday, they canvassed the returns from precincts 11 and 21, which showed a majority in favor of Hill over his opponent Dofflemyer for county chairman. The committee declined to canvass the returns from precinct No. 1, on the ground that they were in the possession of the county clerk and they had no authority to take them from his possession or to unlock the ballot box in which they were contained. Thereupon this suit was brought and at the hearing the trial court required the clerk to produce the ballot box in court and had it opened and its contents examined. The court found that the election judges were not sworn; that the returns were not made in triplicate; and that the judges of election did not sign the returns. He found, however, that the poll list, tally sheets, and returns in the election box were identified by the election officers of precinct No. 1, and disclosed the result of the votes of said box. If the votes shown by the tally sheet in said box were counted, Dofflemyer would have had a majority for county chairman, and Norris for precinct chairman.

We are unable to distinguish in principle

this case from Leslie v. Griffin (Tex. Com. App.) 25 S.W.(2d) 820, 821, in which it was held that the courts are without power prior to the completion of an election "to inquire as to the correctness or regularity of returns which have been made by the proper functionaries." In referring to that case, this court in Lueders v. Ehlinger, 31 S.W.(2d) 1099, 1100, said:

"There the election officials had thrown out one of the boxes because the returns delivered to the county judge were not sealed; and the Commission of Appeals held that the district court was without power by mandamus to compel inclusion of the box in the returns on the ground that the question there presented was a political one, over which neither the Constitution nor the statutes had given the courts control.

"We do not construe the opinion as denying to the courts power to compel a purely ministerial act on the part of election officials, where refusal so to perform invades private right. R. S. art. 3142 clearly gives that right with reference to primary elections, in so far as it can be given by statute. The Leslie Case is authority, however, for the proposition that the action sought to be compelled is not a purely ministerial duty. In fact, the case here presented is much stronger than that in the Leslie suit. There, the officers had refused to count one of the boxes, on the sole ground that the envelope containing the returns was not sealed. This was a clear cut question of law. The holding that the action of the election officials could not be controlled by mandamus necessarily included a holding that the throwing out vel non involved some degree of discretion, and not a purely ministerial duty."

In the instant case the county chairman, Hill, received no returns from the precinct election officers except those contained inside the ballot box; and in accordance with what he conceived his duty he delivered the box to the county clerk in the same condition in which he received it. The members of the executive committee, following what they conceived to be their duty, declined to canvass the returns which had not been delivered to them, and which they understood they had no right to demand. Their action in this regard was no more the violation of a purely ministerial duty than that involved in Leslie v. Griffin. Moreover, when the ballot box was opened, it was discovered that the returns were irregular in that they were not signed by the election officers, and it further appeared that those officers had not been sworn as the law required. Whether these irregularities vitiated the election in the precinct is immaterial here. Under the holding in Leslie v. Griffin, the court was clearly without power to compel the election officers to canvass these returns and certify the result in the face of these irregularities.

The trial court's judgment is reversed, and the cause is dismissed.

Reversed and cause dismissed.