## WILLIAMS et al. v. SORRELL et al.
### No. 9492.

Court of Civil Appeals of Texas.
San Antonio.
May 23, 1934.

W. B. Jack Ball, of San Antonio, for appellants.

L. J. Brucks and R. J. Noonan, both of Hondo, for appellees.

MURRAY, Justice.

This is a suit for mandamus to compel the Board of Directors of the Bexar-Medina-Atascosa Counties Water Improvement District No. 1 to canvass and declare the result of an election held January 9, 1934, for the purpose of electing five members of this board for the ensuing two years.

The suit was instituted by W. E. Sorrell and about twenty-five other persons who are described as citizens, residents, and property owners in the water improvement district. It is alleged that W. E. Sorrell, O. C. Johnson, and J. W. Heath are directors-elect of the water improvement district.

The directors of the district met on January 15, 1934, for the purpose of canvassing and declaring the result of the election, but got into a controversy and were unable to accomplish their purpose. Two members of the board favored a certain resolution, which was voted down by the other three members of the board. A resolution or order favored by the majority was offered and seconded, but was ruled out of order by the chairman and not permitted to come to a vote. Thus the meeting ended without having declared the result of the election.

A petition for a mandamus was presented to the district judge and by him set down for a hearing. Only three members of the board were named as defendants in this petition, but as the other two members are named as plaintiffs, we conclude that if this was error it was harmless error. The defendants below, who are the appellants here, filed a verified answer, setting up numerous demurrers and exceptions and denying the allegations of the petition except in two particulars, in which it was admitted that the election was held on January 9, 1934, and that the board of directors met. on January 15, 1934, for the purpose of canvassing and declaring the result of the election. The trial court sustained a general demurrer to appellants' answer and proceeded to grant a mandamus requiring the board to canvass and declare the result of the election without hearing any proof as to the allegations in appellees' petition, which had been denied under oath by appellants.

T. J. Williams, R. A. Perrault, and J. E. Whiteside, who compose a majority of the

board as it is now constituted, have perfected this appeal.

■ It is clear that the trial court committed error in granting a mandamus without requiring proof of the allegations contained in appellees' petition and denied by appellants in their verified answer. Harbert v. Owen (Tex. Civ. App.) 26 S.W.(2d) 670; White v. Lubbock (Tex. Civ. App.) 30 S.W.(2d) 722.

■ The board in this case having failed to take any action, the court would have jurisdiction to require it to perform that duty which the law requires of it. However, the canvassing and declaring of an election being the exercise of political power, the court could not in any manner control or determine what that action should be, but could only require that some action be taken by the board.

This rule is fully discussed in Leslie v. Griffin (Tex. Com. App.) 25 S.W.(2d) 820, and Hill v. Dofflemyer (Tex. Civ. App.) 40 S.W.(2d) 1112.

The judgment in the case at bar does not attempt to control the board in the exercise of its political and discretionary powers in canvassing and declaring the result of this election, but merely requires that some action be taken, and if petitioners had discharged the burden resting upon them of sustaining the allegations in their petition with evidence produced upon the hearing, the judgment of the trial court would have been entirely proper.

■ Appellants attempted to set up in their answer a cross-action in the nature of an election contest, which we think was properly stricken out by the trial judge. This was not the proper method of instituting an election contest.

■■ However, the trial judge did commit error in striking out appellants' entire answer. The answer denied many of the material allegations of appellees' petition and thus created issues of fact upon which the trial court should have heard proof. The answer further raised the issue that it was the alleged arbitrary conduct of the chairman, W. E. Sorrell, in not permitting the resolution favored by a majority of the board to come to a vote that prevented the board from declaring the result of the election. The fact that the majority were making an alleged incorrect declaration of the result of the election would not justify arbitrary conduct on the part of the chairman. It occurs to us that it is improper for a canvassing board to attempt to pass upon the legality or the illegality of the various voters who participated in an election, but the courts cannot control a canvassing board in the exercise of its political power. The board must be permitted to make such report as they see fit, and then if it is not proper, an election contest or a suit for the office is the proper remedy. Members of a canvassing board are sworn officers and should be governed by their oaths and their duties as they understand them, but the fact that they are about to make a mistake, or do not understand their duties, would not authorize the courts to step in and exercise their political power for them.

■ The appellees, who contend that they were elected, have the right to contest the election or sue for the offices, whether the canvassing board has ever acted or not. This is the holding of the Supreme Court in Dean v. State ex rel. Bailey, 88 Tex. 290, 30 S. W. 1047, 31 S. W. 185.

The judgment granting the mandamus having been entered without any evidence being offered at the hearing to support the allegations of appellees' petition, the same will be reversed and the cause remanded.

Reversed and remanded.