**Mrs. W. M. (Nancy) PALM et al.,
Relators,**

v.

**Honorable Arthur LESHER, Jr., Judge,
157th District Court, Harris County,
Texas, Respondent.**

No. 16082.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1973.

Richard O. Werlein, Houston, for relators.

Reynolds, White, Allen & Cook, Joe H. Reynolds, Houston, for respondent.

COLEMAN, Justice.

This is an application for a writ of mandamus directing Respondent to order a re-count of the ballots used in connection with electronic voting system in Harris County, Texas. The application is refused.

Petitioners pray for mandamus in this language: ". . . that upon hearing hereof the Court will timely issue a Writ of Mandamus to compel Respondent to promptly issue in writing an order permitting the immediate manual re-count of the punch-card ballots relative to the office of Governor in the selected nine voter precincts (and absentee ballots relative thereto), same to include instructions to the counters to follow the Secretary of State's Guidelines pertaining to the proper count of such ballots, and that the said written Order dated 6 December be withdrawn and/or corrected or modified as requested; in the alternative, that if the Court upholds the propriety of said order, then same should nevertheless be modified so as to first require a requested manual re-count *before* beginning the electronic re-count, and that same further require the use of the County Clerk's computers and tabulating equipment, but with independent and neutral operators and the use of corrected computer programs; . . ."

Mrs. W. M. (Nancy) Palm, together with the requisite number of voters of Harris County, Texas, filed a petition seeking a post-election examination of the electronic voting system program used in the general election held on November 7, 1972, and a re-count of the punch-card ballots used therein under the provisions of Subdivision 23 of Article 7.15, V.A.T.S., Election Code.

In paragraph II of the petition they ask "to examine the program and the electronic computer program used in counting the punch-card ballots; to examine the materials used in making the test counts; to examine the ballot assemblies for all of the voting devices utilizing punch-card ballots; to make a re-count of the test count using the said program and test materials, and also for a re-count of all the punch-card ballots in all the concerned election precincts (and absentee voting) within this County pertaining to the office of Governor of Texas, such re-count to use the same methods and materials as in the original count."

In paragraph III they ask:

"If, and only if the results of the aforesaid requested examination indicate any serious error in the original count or computer program relative thereto, then Petitioners further seek a manual re-count of all the votes cast or to have been ulti-

mately cast on punch-card ballots in said County for the office of Governor of Texas, together with a re-count of such ballots for all concerned election precincts (and absentee voting) in said County utilizing the corrected materials that may be herein obtained."

A supplemental petition was filed within the time allowed. Paragraph II of this petition reads:

"Petitioners believe that the nearest available identical equipment might be found in Dallas County or Travis County, Texas, therefore the selection of an operator of the requisite electronic tabulating equipment should be deferred or named in the alternative, depending on where such identical equipment can be located in the closest proximity to this County. In the alternative, and only if Your Honor denies the foregoing, then Petitioners say that the punch-card ballots themselves should be recounted in a selected number of fifteen (15) voting precincts within Harris County, Texas, and relative only to the office of Governor of Texas, and all of the votes cast on punch-card ballots should be re-run and counted on the same equipment utilized in the original count, but supervised by new election personnel and operators and supervisors to be selected and named."

The District Judge permitted an examination by Petitioners' experts of the programs used in counting the punch card ballots, the materials used in making the test count, and of selected ballot assemblies. He also permitted a re-count of the test count.

Petitioners assert that after their experts finished these procedures, said experts informed them and the judge that an electronic re-count of the ballots using the same materials and computer would prove useless or only of little value. At that time one of the petitioners, purporting to speak for all of them, orally stated to the judge that they desired only a manual recount of nine named precincts and the absentee votes for those precincts.

After further proceedings the judge entered an order reading: ". . . the court proceeded to hear testimony, and to grant permission to the Petitioners to examine the program and materials in the Central Counting Station, the Court having granted the recount request.

"It is, therefore, ordered that the modified electronic tabulating equipment in the Office of the County Auditor of Harris County, Texas, having been selected by the Petitioners as the electronic tabulating equipment to be used, and Russell K. Brown having been selected by the Petitioners to operate said electronic tabulating equipment, are hereby approved by the Court, . . ."

The order provided that the re-count should commence at 9:00 A.M. on the 6th day of December, 1972, in the Harris County Court House.

In argument it was made known to the court that on the date set for the re-count it developed that certain materials necessary to program the computer selected were not available in the County and the person selected as operator declined to serve, so that the re-count did not proceed. The attorney for petitioners stated to this court that they desired at this time only the manual re-count orally requested. He also stated that the proposed re-count could not affect the outcome of the election, but that the information resulting from the recount would be useful in determining the accuracy of the electronic equipment.

Subdivision 23 of Article 7.15, Election Code, provides:

"At the time of making the official canvass, where an electronic voting system is used, upon the written request of any candidate whose name appears on the ballot or upon the written request of 25 voters of the county, city, or other subdivision for which the election was held (hereinafter called the petitioner), the authority charged with the duty of canvassing the returns shall defer a can-

vass on the office or proposition identified in the request until the procedure outlined in this subdivision has been completed. The request shall be directed to a district judge, with a copy to the presiding officer of the canvassing board. The request may ask for any one or more of the following, and it may be amended to include additional items at any time not later than 48 hours after completion of the procedures originally requested:

"(1) Permission to examine the program used in counting the ballots.

"(2) Permission to examine the materials used in making the test counts.

"(3) Permission to examine the ballot assemblies for all or part of the voting devices, where a punch-card ballot is used.

"(4) Permission to make a recount of the test count, using the program and the test materials.

"(5) A recount of the ballots for all or part of the election precincts, using the same methods and materials as in the original count.  .  .  .

"(6) A manual recount of the votes cast on the office or proposition identified in the request. The recount shall be made by a committee of two or more persons appointed by the district judge, and they shall be compensated at the same rate as the election judges and clerks for the election. The district judge shall make a preliminary estimate of the cost and shall require the petitioner to make a deposit in that amount before the recount is ordered. A return of the results of the recount shall be made and certified by the committee.

"(7) A recount of the ballot for all or part of the election precincts, using corrected materials as detailed herein. If an examination or utilization of the program, the ballot assemblies, or the test count materials reveals an apparent error in the preparation or use of the materials or a defect in the functioning of the equipment which affected the outcome of the election, the petitioner shall make a written report to the district judge, copies of which shall be furnished to the presiding officer of the canvassing authority, the programmer for the election, and the manager, tabulation supervisor, and presiding judge of the central counting station. If the programmer, manager, and tabulation supervisor unanimously agree that the error or defect does exist and that it can be remedied so that the true results of the election can be ascertained, the correction shall be made under supervision of the district judge; and the manager, tabulation supervisor, and presiding judge shall recount the ballots and prepare corrected returns in the same manner as for the original count. Any other relief incident to an examination of materials and request for a recount under this paragraph must be obtained through an election contest filed in a district court."

■ This court may compel by writ of mandamus the performance by a public officer of any duty imposed upon him by the law in connection with the holding of any general election, provided the duty of the officer is clearly fixed and required by law. Oney v. Ammerman, 458 S.W.2d 54 (Tex.1970).

Sections 5 and 7, Subd. 23, Art. 7.15, Election Code, provide for a re-count of the ballots for "all or part" of the election precincts. Section 6 provides for a manual re-count "on the office or proposition identified in the request." In the supplemental petition for a re-count, petitioners seek a manual re-count only in the alternative; that is, they requested a manual re-count only if they were denied an electronic re-count of the ballots. They state that they have been unable to locate electronic computer machinery and related equipment identical to the machinery and equipment used by the Harris County Clerk's office in conducting the general

election. The alternative manual re-count was requested for "a selected number of fifteen (15) voting precincts within Harris County, Texas." The particular precincts specified were not identified. The oral request specified nine named precincts.

Petitioners' supplemental request for an electronic re-count does not comply with the requirements of paragraph (7) of Subdivision 23, Art. 7.15, Election Code, since there is no evidence of "an apparent error in the preparation or use of the materials or a defect in the functioning of the equipment which affected the outcome of the election." Their request for a re-count using the same methods and materials as in the original count was made in the alternative and was coupled with a request for a manual re-count in fifteen precincts. The order of the district judge granted the request for an electronic re-count in substantial compliance with paragraph 5 of Subdivision 23, but did not grant the request for a manual re-count. The duty of the district judge to allow a manual re-count of the votes in fifteen precincts in Harris County for the office of Governor of Texas is not "clearly fixed and required by law." The statute provides for a manual re-count "on the office or proposition identified in the request." The petition for mandamus asks that the judge be required to order a manual re-count in nine precincts selected by the petitioners, which precincts are not further identified in the petition.

■ In this mandamus action Petitioners must show without dispute that the district judge has failed to order a re-count in the manner requested in their written petition, and the petition must seek a re-count by one or more of the procedures authorized by the Election Code. There is no provision for requests in the alternative and no necessity for requests in that form. The petitioners could demand an electronic re-count and if they were not satisfied with the result, they could then demand a manual re-count. They could demand a re-count by both methods in the first instance. Benavides v. Orth, 120 S.W.2d 99 (Tex. Civ.App.—San Antonio 1938).

■ The district judge states in his order that he has granted the request for an electronic re-count. He cannot be required to grant the alternative demand for a manual re-count. Neither can he be required to order a manual re-count in selected precincts only. The district judge cannot be required to honor an oral request. Lacy v. State Banking Board, 118 Tex. 91, 11 S.W.2d 496 (1928).

■ At the hearing before this court there was some question as to the availability of certain equipment necessary for an electronic re-count. We lack authority to issue writs of mandamus unless the facts are established beyond dispute. Donald v. Carr, 407 S.W.2d 288 (Tex.Civ.App.— Dallas 1966).

■ Mandamus is not issued as a matter of right, but in the exercise of a sound judicial discretion which allows the court to view other considerations than the mere legal right of the relator. Moore v. Rock Creek Oil Corporation, 59 S.W.2d 815 (Tex. Com.App., Sec. B, 1933); Westerman v. Mims, 111 Tex. 29, 227 S.W. 178 (1921).

It appears that there is not sufficient time for a manual re-count of all the ballots cast in Harris County, Texas, on the office of Governor of Texas before the date on which the Secretary of State is required by Art. 8.40, Election Code, to deliver the election returns in the Governor's race to the Speaker of the House of Representatives. See Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028 (1928); Sterling v. Ferguson, 122 Tex. 122, 53 S.W.2d 753 (1932). It also appears that the result of the requested re-count could not affect the outcome of the election. Under such circumstances this court declines to issue the writ of mandamus.