**Honorable Ben MARTINEZ, Relator,**

v.

**Robert SLAGLE, et al., Respondents.**

**No. 04–86–00323–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 29, 1986.

Rehearing Denied Sept. 4, 1986.

James A. McCorquodale, Frank Herrera, San Antonio, for relator.

Harold D. Hammett, Fort Worth, Randall B. Wood, Austin, for respondents.

Before BUTTS, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

The Honorable Ben Martinez, relator, seeks a writ of mandamus to compel Robert Slagle, presiding officer of the State Democratic Executive Committee, to canvass the results of the initial recount conducted in the Democratic primary run-off election for nomination to the office of Judge of the 293rd Judicial District. Relator also seeks to compel Slagle to reject the recount petition submitted by his opponent in the run-off, Rey Perez. Relator further seeks to compel Slagle, Antero J. Patlan, Presiding Officer of the Dimmit County Executive Committee, Rodolpho Luis Bar-

rera, Presiding Officer of the Maverick County Democratic Executive Committee and Roberto Serna, Presiding Officer of the Zavala County Democratic Executive Committee, to cease all actions directed toward conducting a second recount of the results of the run-off.

Relator is currently Judge of the 293rd Judicial District Court. The 293rd Judicial District encompasses Dimmit, Maverick and Zavala Counties. TEX. GOV'T CODE ANN. § 24.470 (Vernon Supp. 1986). Relator was a candidate for re-election to that office in the Democratic primary conducted in May 1986. As a result of the initial primary election, a run-off election was conducted between relator and challenger Rey Perez on Saturday, June 7, 1986. The election returns indicated that relator failed to win the run-off election and that Perez had been nominated. Relator timely submitted a petition for initial recount of all precincts of all three counties under Chapter 212 of the Election Code [1] to respondent Slagle. Perez, the opposing candidate, was notified and his representatives were present during the recount. Slagle then ordered an initial recount.

Recounts in the three counties were conducted beginning on June 20, 1986. There is a factual dispute as to when or whether the Maverick County recount was completed. Relator contends the initial recount in all three counties was completed before 5:00 P.M., June 22, 1986. Perez and Slagle dispute this contention. The unofficial results of the initial recount apparently indicated that relator had won the nomination. Consequently Perez submitted a request for recount to Slagle's agent at 5:00 P.M., June 22, 1986. On June 25, Slagle ordered a recount based on Perez's petition.

This mandamus action followed. Named as respondents along with Slagle are Antero Patlan, Rodolpho Luis Barrera and Roberto Serna, presiding officers of the Democratic Executive Committees of Dimmit, Maverick and Zavala Counties, respective-

1. All statutory references are to TEX.ELEC. CODE ANN. (Vernon Supp.1986) unless other-

wise indicated.

ly. We granted leave to file the petition for writ of mandamus and enjoined the recount requested by Perez pending final decision of this court.

Relator argues that Slagle has breached his ministerial and non-discretionary duty to conduct the canvass of the run-off using the recount supervisors' reports from the initial recount. This duty arises upon the completion of the recount. Section 213.057. Relator also contends that Slagle has the ministerial and non-discretionary duty to reject Perez' recount petition under Section 212.031 because his petition was untimely since it was filed following the completion of the initial recount. Section 212.005(a).

Slagle takes the position that a portion of the recount in Maverick County was not complete because it had not been conducted as required by law. Slagle asserts that some voted ballots were not counted and that no election officer wrote on the back of the ballot the reason for not counting them in a violation of Section 65.010(c).

Relator asserts that the Election Code in no way contemplates or permits a second recount. We agree. Other than the initial recount, the only statutory provisions for further recounting are those allowing a supplementary recount in the case of a partial initial recount. Sections 211.002(3) and (4), 212.052, 212.053. Relator's petition sought a recount of all precincts in Dimmit, Maverick and Zavala Counties. Indeed, since this was an election for which there is a final canvass at the state level and since voting in all precincts was conducted by paper ballots, the Code requires a recount of all votes in all precincts. Section 212.131(b). Consequently, the need for a supplementary recount could never arise.

■ Section 212.005 contemplates multiple requests for the recount. If more than one petition is approved, the recounts "shall be conducted at the same time." Section 212.005(c). This section does not contemplate a series of recounts conducted one after the other. All recount requests for an office are satisfied once, "at the same time."

■ Mandamus is the proper remedy for compelling an election official to perform a duty required by law. Section 273.061; TEX.GOV'T CODE ANN. § 22.221(c) (Vernon Supp. 1986). This includes the ministerial duty to canvass election returns. *Grant v. Ammerman*, 437 S.W.2d 547, 549 (Tex.1969); *Ferguson v. Huggins*, 122 Tex. 95, 52 S.W.2d 904, 907 (1932).

■ The question is not whether the first recount was complete or not, it is whether Slagle had the authority to call for the second recount after the recount committee had started its recount of the votes. We are of the opinion that he did not have that authority.

■ The reason given for the second recount was that some voted ballots were not counted and that there was no explanation by the election officer as to why the ballots were not counted. We find no authority in the Election Code which authorizes the recount coordinator (Slagle) to pass on the validity of a ballot at the precinct level.

Chapter 213 of the Election Code provides the recount mechanism. Section 213.001 empowers the presiding officer (in this instance, each county chairman of the Democratic party) of each local canvassing authority to *manage and supervise* the recount for the precincts in that authority's jurisdiction. Acting in the capacity of a recount supervisor, each local supervisor appoints a chairman and a committee to recount the votes under *the direct management and supervision* of the chairman of the recount committee. The recount committee chairman has the same authority as a presiding election judge to determine whether a particular ballot may be counted and how a voter's marking of the ballot should be interpreted. Section 213.006. After receiving the results from the recount committee, each recount supervisor prepares a report, using the recount committee's report for the precincts recounted. Section 213.055(a).

The recount coordinator (Slagle) has no responsibility in the recount process until he receives the supervisors' reports. The

recount coordinator has the limited authority to convene the final canvassing authority for the purpose of conducting a canvass for the office using each recount supervisor's report, instead of the original election returns. Section 213.057.

It is our opinion that the recount coordinator had the nondiscretionary duty to perform the ministerial responsibility of convening the final canvassing authority.

The Writ of Mandamus is granted. Respondent Robert Slagle is ordered to rescind the order for a second recount, and Robert Slagle, Antero Patlan, Rodolpho Luis Barrera and Roberto Serna are ordered to follow the recount procedures as established by statute and consistent with this opinion.

CADENA, C.J., and ESQUIVEL, J., not participating.

BUTTS, Justice, dissenting.

I respectfully dissent.

The Honorable Ben Martinez, relator, seeks a writ of mandamus to compel Robert Slagle, presiding officer of the State Democratic Executive Committee, to canvass the results of a "recount" in the Democratic primary run-off election. Relator also seeks to compel Slagle to reject the recount petition submitted by his opponent in the run-off.

Relator is currently Judge of the 293rd Judicial District Court and was a candidate for re-election to that office in the recent Democratic primary. A run-off election was conducted between relator and challenger Rey Perez on June 7, 1986. The election returns indicated that Perez, the other candidate, had been nominated. Upon relator's petition, Slagle ordered an initial recount. Recounts began in the three counties on June 20.

It is clear there is a factual dispute as to when or even whether the Maverick County recount was completed. Relator contends the initial recount in all three counties was completed before 5:00 P.M., June 22. Perez and Slagle dispute this contention. Relator argues the recount was com-

pleted, and he won the nomination. Perez disputes that the recount was completed before he submitted a request for recount to Slagle's agent at 5:00 P.M., June 22. On June 25, Slagle ordered a recount based on Perez' petition.

Named as respondents in this mandamus action along with Slagle are the presiding officers of the Democratic Executive Committees of Dimmit, Maverick and Zavala Counties.

Relator argues that Slagle has breached his ministerial and non-discretionary duty to conduct the canvass of the run-off using the recount supervisors' reports from the relator's initial recount because this duty arose upon the completion of that recount. Relator also contends that Slagle must reject Perez' recount petition because it was filed following the completion of the relator's initial recount and is therefore not timely.

Slagle, as executive officer of the Democratic Party, ruled that the Maverick County recount was not complete because it had not been conducted as required by law. Slagle maintains certain voted ballots were not counted by the judge, i.e. disqualified for some reason, however, no election officer set out the reason for not counting them, which is a violation of TEX.ELEC. CODE ANN. § 65.010(c) (Vernon 1986).

Relator is correct in saying the Election Code does not contemplate or permit a second recount. Further recounting is allowed only in the case of a partial initial recount. Sections 211.002(3) and (4), 212.-052, 212.053. If more than one recount petition is approved, the recounts "shall be conducted at the same time." Section 212.-005(c). This section does not contemplate a series of recounts conducted one after the other.

The action relator seeks to compel is not a mandatory and ministerial duty to canvass an undisputedly complete set of returns as in *Grant v. Ammerman*, 437 S.W.2d 547 (Tex.1969). Rather, relator seeks to compel Slagle to canvass a certain

set of returns which it is agreed is the subject of a factual dispute.

It has been consistently held that the courts will not intervene to control the outcome of a canvass. *Arberry v. Beavers,* 6 Tex. 457, 471 (1851); *Leslie v. Griffin,* 25 S.W.2d 820, 821 (Tex.Comm'n App.1930, judgm't adopted); *Williams v. Sorrell,* 71 S.W.2d 944, 946 (Tex.Civ.App.—San Antonio 1934, no writ). An election is essentially the exercise of political power and, during its progress, is not subject to judicial control. *City of Austin v. Thompson,* 147 Tex. 639, 219 S.W.2d 57, 59–60 (1949); *City of Dallas v. Dallas Consolidated Electric Street Ry. Co.,* 105 Tex. 337, 148 S.W. 292, 294 (1912); *Killam v. Webb County,* 270 S.W.2d 628, 629 (Tex.Civ.App.—San Antonio 1954, n.r.e.).

> The making and canvassing of the returns, by the appointed functionaries, constitute an integral part of the election, without which the election would be incomplete; and the courts are powerless to control the proceeding.

*Leslie v. Griffin,* 25 S.W.2d at 821.

Furthermore, it is elementary that the writ of mandamus will not issue if a fact question is raised by the pleadings and affidavits filed. *Dick v. Kazen,* 156 Tex. 122, 292 S.W.2d 913, 915 (1956); *Palm v. Lesher,* 489 S.W.2d 351, 355 (Tex.Civ.App. —Houston [1st Dist.] 1973, no writ.). In this case we have affidavits stating on the one hand that the recount was complete and, on the other hand, that it was not complete at the time Perez filed his petition. Relator recognized the existence of the disputed facts at the submission of this cause. Under all these circumstances, mandamus should not lie.